**Mrs. Joyce N. THARP, personal representative of James Allen Tharp, and personal representative of the Estate of James Allen Tharp, Individually and on behalf of her minor daughter, Plaintiff,**

v.

**TRANSWORLD DRILLING COMPANY, and Transworld Drilling Company, Limited, Defendants.**

**No. 73–370–D.**

United States District Court,
W. D. Oklahoma,
Civil Division.

Aug. 13, 1973.

Frederick J. Gisevius, Jr., David E. Caruso, Jr., New Orleans, La., John W. Norman, Oklahoma City, Okl., for plaintiff.

Ralph E. Smith, New Orleans, La., Francis S. Irvine, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

This case arises from the accidental death of an employee on a submersible drilling rig operated by one or both Defendants. It is an action under the Jones Act (46 U.S.C.A. § 688) and under the general maritime law brought in the United States District Court for the Eastern District of Louisiana. Upon motion by the Defendant Transworld Drill-

ing Company, (the only Defendant before the court) which motion was unopposed by Plaintiff, the Court on May 23, 1973, pursuant to 28 U.S.C.A. § 1404(a) transferred the case to the United States District Court for the Western District of Oklahoma. The record indicated that the Clerk of the United States District Court for the Eastern District of Louisiana forwarded the entire original record to the Clerk of the Court for the Western District of Oklahoma on May 24, 1973. On May 24, 1973, after the record was forwarded by the Court Clerk, an Order was filed with the Court Clerk for the Eastern District of Louisiana by a Magistrate of said Court directing that the Defendant produce a witness, one L. Campbell, for deposition in New Orleans, Louisiana, on June 1, 1973.

On May 30, 1973, Defendant Transworld Drilling Company filed in the Louisiana Court a Motion for Protective Order requesting that the Order of the Magistrate be vacated or modified. This motion as well as the Magistrate's Order was forwarded to the Clerk of the Court of this District on May 31, 1973. Plaintiff was requested to respond to said Motion and failed to do so within the time granted.

On July 31, 1973, Plaintiff filed a Motion For Default Judgment and/or Other Sanctions Under Rule 37 for Defendants' Violation of Order of Court, which motion is based on Defendant's failure to produce witness L. Campbell for deposition on June 1, 1973 pursuant to the Order of the Magistrate.

Both the motions aforementioned related to the same matter and they are being considered together.

■ The effect of the transfer of the case as to the validity of the Magistrate's Order filed May 24, 1973 must be considered prior to consideration of the motions. This Order, although dated May 23, 1973, was not effective until filed with the Clerk and entered on the docket. Lucas v. Western Casualty and Surety Co., 176 F.2d 506 (Tenth Cir. 1949). Said Order was filed on the same date the record was forwarded to the Clerk of this District. Inasmuch as same was not forwarded to this District along with the original record, and was not noted on the docket sheet originally forwarded, it is presumed to have been filed after the record was forwarded here by the Clerk in Louisiana.

■■ When a case is transferred to another district pursuant to the provisions of 28 U.S.C.A. § 1404(a), the transferring court loses jurisdiction after it is transferred. One line of cases holds that this time is when the clerk forwards the record. See Drabik v. Murphy, 246 F.2d 408 (Second Cir. 1957) and Fisher v. United Airlines, Inc., 218 F.Supp. 223 (S.D.New York 1963). Other cases hold that jurisdiction is lost by the transferor court immediately upon the issuance of an order changing venue. See In re Plumbing Fixture Cases, 298 F.Supp. 484 (Jud.Pan.Mult.Lit.1968). It appears here that the Magistrate's Order was entered after both the entry of the order transferring the case and after the record was forwarded by the Clerk. Therefore, the Order was invalid due to lack of jurisdiction when same was entered.

The Defendant's Motion for Protective Order and the Plaintiff's Motion for Sanctions are denied for the reason that both are related to an Order entered by the Magistrate in the Eastern District of Louisiana after that Court had lost jurisdiction of the case.