**In re YARN PROCESSING PATENT VALIDITY LITIGATION.**

**CELANESE CORPORATION and Fiber Industries, Inc., Plaintiffs-Appellees,**

v.

**LEESONA CORPORATION et al., Defendants,**

**Lex Tex Ltd., Inc., Defendant-Appellant.**

**No. 74–3703.**

United States Court of Appeals, Fifth Circuit.

Aug. 4, 1976.

James L. Armstrong, III, James W. Crabtree, Miami, Fla., for defendant-appellant.

Charles A. Kimbrell, Miami, Fla., for plaintiffs-appellees.

## ON PETITION FOR REHEARING

(Opinion 4–19–76, 5 Cir. 1976, 530 F.2d 83)

Before GOLDBERG and AINSWORTH, Circuit Judges, and NICHOLS *, Associate Judge.

PER CURIAM:

IT IS ORDERED that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby denied. The concurrent motion to amend is also denied.

This appeal dealt with a decision of the District Judge in the above multi-district litigation, which declined to disqualify Edward S. Irons, Esquire, counsel for Celanese Corporation and Fiber Industries, Inc. on motion by Lex Tex Corporation, on account of his having been at one time counsel for Ernest Scragg & Sons, Ltd. (Scragg) which latter company had been at one time a party to the instant litigation, but no longer was. We held that in view of Scragg's apparent and ostensible indifference to Mr. Irons' activities, the District Judge rightly held that Lex Tex could not object to them as Scragg's self-appointed surrogate. We also took the view that Lex Tex did not, with the assignment to it of a Scragg patent, obtain also an assignment of whatever claim Scragg might have to demand that Mr. Irons not participate in the instant litigation.

The petition for rehearing asserts that there is true adversity between the interests of Celanese and Scragg. It supports this with a purported copy of a letter, dated May 12, 1976, from Scragg's United States general counsel, Michael J. Striker, Esquire, to Smathers & Thompson, attention James W. Crabtree, Esquire.

■ As the letter admits, Scragg has consistently omitted to do anything to put before the court its objections, if any to Mr. Irons' activities, ever since its dismissal as a party defendant. The instant letter comes entirely too late. If the views expressed were intended to influence the decision of the District Judge, here under review, they should have been timely communicated to him. They cannot influence us in deciding whether his order was erroneous. He had to act on the record before him. By the same token, the letter would not have been part of the record unless made so by someone, and we could not indulge in the fiction that it had somehow become part of the record, without evoking the response, that others would have been entitled to make if it had actually been offered. If Mr. Striker intended the letter to be displayed to us, it would have been a most improper approach, so we must assume he did not.

■ Scragg cannot be in and out of this litigation at the same time. It cannot but have been aware that its dismissal eliminated the party to the litigation that would have had the best standing to challenge Mr. Irons, who had already represented Celanese for some time. It cannot be heard to suggest that it relied on the Lex Tex motion, not even pending at the time of the dismissal, to substitute for a forthright statement of its own position.

In the absence of direct evidence as to Scragg's attitude, this court considered

---

* Of the U. S. Court of Claims, sitting by designation.

whether adversity of interest existed as between Scragg and Celanese, manifestly of record. See our opinion section headed, SCRAGG'S INTEREST IN THIS LITIGATION. We concluded it did not. The relationship, if any, between Leesona and Lex Tex, or which of them had a right respecting Scragg, that one or the other had, was not a significant factor and any reference thereto in that section is significant only as to its bearing on the issue discussed. It will not control other appeals dealing with other issues.