The judgment of the district court will be vacated and the case remanded for entry of judgment consistent with this opinion.

**Deborah LIPP, a minor, by her father, Michael Lipp, Plaintiff-Appellee,**

v.

**Harry MORRIS, Robert Lautensack, and William F. Hyland, Defendants.**

**Appeal of William F. HYLAND.**

**No. 77–2435.**

United States Court of Appeals, Third Circuit.

Argued June 9, 1978.

Decided July 18, 1978.

---

7. The Government has called to our attention only one case in support of its interpretation of section 169. In *Gurley v. Massachusetts*, 363 Mass. 595, 296 N.E.2d 477 (1973), the court held that an award under the Massachusetts Criminal Victim Compensation Act was subject to reduction for welfare payments received from the Commonwealth. The Massachusetts statute, unlike the Virgin Islands Act, explicitly provides for a reduction of benefits in the amount of any payment received from "public funds." Mass.Gen.Laws Ann. ch. 258A, § 6. Therefore, we do not believe that *Gurley* supports the Government's position.

Constance Hepburn, East Windsor, N. J., for plaintiff-appellee.

William F. Hyland, Atty. Gen., Stephen Skillman, Asst. Atty. Gen., Mark D. Schorr, Deputy Atty. Gen., Trenton, N. J., for defendant-appellant.

James J. Plick, Rockaway, N. J., for amicus curiae.

Before ROSENN, and HUNTER, Circuit Judges, and KUNZIG, Judge.*

## OPINION OF THE COURT

### PER CURIAM:

This case involves the constitutionality of a New Jersey statute requiring school students to stand at attention during the salute to the flag. The appeal brings before the court two questions: (1) Did the District Judge abuse his discretion in declining to abstain because the New Jersey statute involved here is clear and unambiguous, and (2) Is the statute unconstitutional because it compels an affirmation of belief or punishes protected activity in violation of the First and Fourteenth Amendments of the Constitution of the United States.

District Judge H. Curtis Meanor held for the plaintiff, severed the following language of a New Jersey statute (N.J.Stat. Ann. § 18A:36–3(c), and declared this segment to be unconstitutional:[1] . . . but shall be required to show full respect to the flag while the pledge is being given merely by standing at attention * * *.[2] We affirm.

Plaintiff, Deborah Lipp, a 16-year-old, alleged that because the statute directed that she stand during the recitation of the pledge of allegiance to the flag, compelling her to make what she termed a "symbolic gesture," it violated her rights under the First and Fourteenth Amendments. The action was brought under 42 U.S.C. § 1983 (1970). Plaintiff was a student at Mountain Lakes High School, New Jersey. Defendants were Harry Morris, principal of the high school; Robert Lautenstack, president of the board of education; and William F. Hyland, attorney general of New Jersey. Plaintiff emphasized that in her belief, the words of the pledge were not true and she stood only because she had been threatened if she did not do so.

Defendant argues first that the district court should have abstained from ruling on the constitutionality of the New Jersey statute to permit a New Jersey court to construe the law and thereby avoid a decision on federal constitutional grounds. The clearest answer to this argument is the statement of the District Judge which we adopt: "I can only do that [abstain] where the statute is open to an alternative construction which would avoid the Constitutional issue. This statute permits no such construction. It's plain, simple, blunt English." As the U. S. Supreme Court said in *Zwickler v. Koota,* 389 U.S. 241, 251 n.14, 88 S.Ct. 391, 397, 19 L.Ed.2d 444 (1967):

> We have frequently emphasized that abstention is not to be ordered unless the state statute is of an uncertain nature, and is obviously susceptible of a limiting construction.

---

*Honorable Robert L. Kunzig, Judge, United States Court of Claims, sitting by designation.

1. Judge Meanor also dismissed Robert Lautenstack as a defendant. The question of dismissal was not raised on appeal.

2. N.J.Stat.Ann. § 18A:36–3 provides in part: "Every board of education shall:

. . . . .

"(c) Require the pupils in each school in the district on every school day to salute the United States flag and repeat the following pledge of allegiance to the flag: 'I pledge allegiance to the flag of the United States of America and to the republic for which it stands, one nation, under God, indivisible, with liberty and justice for all,' which salute and pledge of allegiance shall be rendered with the right hand over the heart, except that pupils who have conscientious scruples against such pledge or salute, or are children of accredited representatives of foreign governments to whom the United States Government extends diplomatic immunity, shall not be required to render such salute and pledge but shall be required to show full respect to the flag while the pledge is being given merely by standing at attention, the boys removing the headdress."

Here we hold that the statute is not of an uncertain nature and, therefore, the case does not qualify for application of the abstention doctrine.

Secondly, defendant asserts that being required to stand while others engage in the flag salute ceremony is in no way a violation of the First and Fourteenth Amendments. The attorney general of New Jersey argues that mere standing does not rise to the level of "symbolic speech." Defendant suggests that standing silently is the same as just remaining seated, and that by the simple act of standing, the plaintiff in no way engages in protected activity.

Citing *Board of Education v. Barnette,* 319 U.S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628 (1943); *Goetz v. Ansell,* 477 F.2d 636 (2nd Cir. 1973), and *Banks v. Board of Public Instruction,* 314 F.Supp. 285 (S.D.Fla.1970),[3] Deborah Lipp urges that her right to remain silent and not to be forced to stand springs directly from the precise First Amendment right against compelled participation in the flag ceremony recognized in *Barnette.*

*Banks* and *Goetz* are precisely on point. They interdict the state from requiring a student to engage in what amounts to implicit expression by standing at respectful attention while the flag salute is being administered and being participated in by other students. *Cf. Wooley v. Maynard,* 430 U.S. 705, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977).

In the words of Judge Meanor: "I find this statute to be severable, that is, the portion thereof attacked as unconstitutional may rationally be severed from the remainder of the statute. * * * This mandatory condition upon the student's right not to participate in the flag salute ceremony is an unconstitutional requirement that the student engage in a form of speech and may not be enforced. The unconstitutionality of this severable portion of the statute is declared at this time." We concur.

**3.** *Banks* originated as a three-judge case. It was reversed and remanded for a fresh decree by the Supreme Court. 401 U.S. 988, 91 S.Ct. 1223, 28 L.Ed.2d 526 (1971). Upon remand, the district judge entered an order adopting the

Accordingly, after consideration of all submissions of the parties and the amicus curiae, and after argument, the judgment of the district court will be affirmed.

findings of fact and conclusions of law of the three-judge court pertaining to the unconstitutionality of requiring a student to stand during the pledge of allegiance. The Fifth Circuit affirmed. 450 F.2d 1103 (5th Cir. 1971).