**In re GHR ENERGY CORPORATION, Debtor.**

**GHR ENERGY CORPORATION, f/k/a Good Hope Refineries, Inc., Plaintiff-Appellant,**

v.

**CRISPIN COMPANY LIMITED, Defendant-Appellee.**

**No. 85–2729**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

June 13, 1986.

Liddell, Sapp, Zivley & LaBoon, Laura Gibson, J. Michael Dorman, John C. Nabors, Houston, Tex., for GHR Energy Corp. a/k/a Good Hope.

Jack P. Thetford, Jr., Houston, Tex., for Crispin Co., Ltd.

Before GEE, RANDALL and DAVIS, Circuit Judges.

PER CURIAM:

Over three years ago, a panel of arbitrators awarded to Crispin Co. $3,125,627.50 from GHR Energy Corp. for damages arising out of what the arbitrators concluded was the breach of a contract for the sale of petroleum products to GHR. Two days before the award, however, GHR filed a petition for reorganization under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Massachusetts. The bankruptcy judge granted Crispin's motion to confirm the award and to lift the automatic stay on June 27, 1984. On the same date, the Clerk of the Bankruptcy Court for the Southern District of Texas received an order entered on June 25, 1984, by the Massachusetts district court transferring the reorganization proceeding to the Southern District of Texas, pursuant to Bankruptcy Rule 1014.

GHR sought to appeal the bankruptcy court's order to the district court. Apparently uncertain of the precise locus of the case when the period for a timely appeal expired, July 9, 1984, GHR states that it filed a notice of appeal both in the Southern District of Texas and in the District of Massachusetts on that date. (The docket sheet of activity in this case after it was transferred to the Southern District of Texas indicates that a notice of appeal was filed in that court on July 9, 1984.) The Clerk in Massachusetts forwarded the notice of appeal filed in that court to the Clerk in Texas, who received that duplicate notice of appeal on July 16, 1984. Only the notice of appeal filed in Massachusetts was included in the record on appeal to the district court.

The district judge in Texas, acting *sua sponte*, dismissed the appeal as untimely. He relied solely on the notice of appeal filed in Massachusetts and received by the Texas court on July 16, 1984, seven days after the period for taking a timely appeal expired. There is no discussion in the district judge's order of the notice of appeal that GHR asserts it filed in the Southern District of Texas on July 9. In fact, as we have noted, that notice was not before the district judge when he entered his order, because it was not in the record on appeal forwarded by the Clerk of the bankruptcy court to the Clerk of the district court pursuant to Bankruptcy Rule 8006. GHR filed a motion for reconsideration in the district court, which first brought the Texas notice of appeal to the court's attention by means of a photocopy of the notice as an attachment to its brief.[1] However, GHR did not move to correct or to expand the record pursuant to Fed.R. App.P. 10(e), which applies to bankruptcy appeals. 5th Cir. Local Rule 47.4.1; *In re Food Fair, Inc.,* 15 B.R. 569, 571 (Bankr.S. D.N.Y.1981). Accordingly, the July 9 notice of appeal was not in the record on appeal at the time the district court entered its ruling, and it is not in the record now,[2] despite the clear mandate of Rule 8006 that the appellant has the responsibility to designate the proper matters for inclusion in the record. *See Pyramid Mobile Homes, Inc. v. Speake,* 531 F.2d 743, 745 (5th Cir. 1976). GHR's failure to discharge its duty to cause a proper record to be prepared and to correct mistakes or omissions in the record through the means set forth in Rule 10(e) is difficult to understand, because this court is barred from considering filings outside the record on appeal, and attach-

---

1. There is no indication in the record that the district court ever acted on the motion for reconsideration, which was filed on the same day as the notice of appeal to this court.

2. Although GHR includes a photocopy of the July 9 notice of appeal in its "Record Excerpts" filed in this court, the simple fact of the matter is that the July 9 notice is not in the record. It should be evident after even a cursory examination of Fed.R.App.P. 30(a) that in order to be included in record excerpts, material must be included in the record.

ments to briefs do not suffice. *Kemlon Products and Development Co. v. United States,* 646 F.2d 223, 224 (5th Cir.), *cert. denied,* 454 U.S. 863, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981); *In re Yarn Processing Patent Validity Litigation,* 536 F.2d 1025, 1026 (5th Cir.1976); *Scarborough v. Kellum,* 525 F.2d 931, 933 n. 4 (5th Cir.1976).

█ That being said, this court has the discretionary power to order supplementation of the record on appeal, *Dickerson v. Alabama,* 667 F.2d 1364, 1367 (5th Cir.), *cert. denied,* 459 U.S. 878, 103 S.Ct. 173, 74 L.Ed.2d 142 (1982), and may do so "of its own initiative," Rule 10(e). It seems clear that the timeliness of GHR's appeal cannot be determined without reference to the notice of appeal filed in the district where the action was pending on July 9, 1984, when the period for taking a timely appeal expired.[3] Therefore, it is hereby ORDERED that the Clerk of the Bankruptcy Court for the Southern District of Texas prepare a supplemental record on appeal that includes document number 25a, a notice of appeal filed on July 9, 1984, in case number 84–03474, and forward the supplemental record to the Clerk of the Fifth Circuit. Upon receipt of the supplemental record, the Clerk for the Fifth Circuit shall return the record as supplemented to the Clerk of the District Court for the Southern District of Texas. The order of the district court dismissing the appeal as untimely is VACATED, and, upon receipt of the supplemental record, this matter is REMANDED to the district court for further proceedings in light of the supplemental record.

VACATED AND REMANDED.

---

**3.** It appears that the proceeding was "pending" in the Bankruptcy Court for the Southern District of Texas at the latest on June 27, 1984, when the order of transfer was received by the Clerk in that district. *See Drabik v. Murphy,* 246 F.2d 408, 409 (2d Cir.1957); *Tharp v. Transworld Drilling Co.,* 367 F.Supp. 521, 522 (W.D. Okla.1973).