**Donald E. HERSHEY,
Plaintiff–Appellant,**

v.

**CITY OF CLEARWATER, a municipal corporation, Tami Jo Swain,
Defendants–Appellees.**

No. 87–3288.

United States Court of Appeals,
Eleventh Circuit.

Dec. 21, 1987.

---

Ralph Goldberg, Ralph Goldberg, P.A., Atlanta, Ga., for plaintiff-appellant.

Robert G. Walker, Jr., Asst. City Atty., Clearwater, Fla., for defendants-appellees.

Before HILL and EDMONDSON, Circuit Judges, and ARONOVITZ*, District Judge.

EDMONDSON, Circuit Judge:

This case presents as its central issue the constitutionality of a city ordinance forbidding lodging and sleeping in motor vehicles in public areas. Appellant was arrested, although never tried, for violating the ordinance and subsequently brought a 42 U.S.C. sec. 1983 action against the City of Clearwater and against the arresting officer. He now challenges the district court's grant of summary judgment in their favor. Although we rely on different reasons than did the district court, we affirm the district court's grant of summary judgment.

During the afternoon of July 9, 1982, appellant Hershey was driving in Clearwater, Florida, when he became slightly indisposed, suffering from medical problems compounded by a recent lunch. He pulled off a thoroughfare into the shade offered by the trees of a public park. Because Hershey, a Pennsylvania resident, was visiting a friend in Florida, his car contained many household goods, including a mattress in the back of his hatchback car. Having parked his car in the public park, Hershey lay down in the back of his car on the mattress.

Driving by, Officer Swain of the Clearwater police force perceived the seemingly unoccupied vehicle with open hatchback and stopped to investigate further. She found appellant lying on a mattress, sur-

* Honorable Sidney M. Aronovitz, U.S. District Judge for the Southern District of Florida, sitting by designation.

rounded by household goods and other personal property, and cited him for violation of the city ordinance prohibiting lodging or sleeping in a vehicle in a public place. When appellant did not sign the citation as she requested, Officer Swain placed him under arrest.[1]

■ The Clearwater city ordinance under which appellant Hershey was arrested reads:

It shall be unlawful for any person to lodge or sleep in, on or about any automobile, truck, trailer, camper, or similar vehicle in any public street, public park area, public way, right of way, parking lot or other public property within the limits of Clearwater, Florida.[2]

Hershey alleges that this ordinance is unconstitutional for reasons of overbreadth and vagueness, not only because of its prohibition against sleeping, but also because of its prohibition against lodging. The law permits us to strike the words "or sleep," if unconstitutional, from the ordinance. We hold that the ordinance after the severance of these words is constitutional and that there was probable cause to arrest appellant Hershey under this reformulated ordinance for lodging in a vehicle in a public area.[3]

Both the ordinance, itself, and state law provide for the severability of unconstitutional terms. The pertinent ordinance provided that "Should any part or provision of this ordinance be declared by a court of competent jurisdiction to be invalid, the same shall not affect the validity of the ordinance as a whole, or any part thereof other than the part declared to be invalid." Clearwater, Fla., Ordinance 2710–82 (April 15, 1982) (adding section 120.18 to the Clearwater Code). General state practice also favors severability. "[A]lthough a portion of the act be found to be unconstitutional, we must uphold the remainder if that which is left is complete in itself, sensible, capable of being executed and wholly independent of that which is rejected." *Kass v. Lewin*, 104 So.2d 572, 577 (Fla. 1958) (citation omitted). "The test is whether this court can say that the Legislature would not have enacted the law under scrutiny except for the provision which is herein held unconstitutional and invalid." *State ex rel. Limpus v. Newell*, 85 So.2d 124, 128 (Fla.1956); *Scheinberg v. Smith*, 659 F.2d 476, 481 (5th Cir. Unit B 1981). The fact that an invalid portion of a statute is not self-contained in separate sections does not prohibit the court from applying the severability rule to strike the invalid portion and to preserve the rest of the enactment. *Jones v. Smith*, 474 F.Supp. 1160, 1169 (S.D.Fla.1979). As the *Jones* court noted, the Florida Supreme Court has struck a sentence and even a phrase while preserving the remainder of a statute. *Id.* (citing *State v. Williams*, 343 So.2d 35 (Fla. 1977) and *Cramp v. Board of Public Instruction*, 137 So.2d 828 (Fla.1962)); *see also Lipp v. Morris*, 579 F.2d 834 (3d Cir. 1978) (affirming district court's severance of unconstitutional clause of New Jersey statute); *Shouse v. Pierce County*, 559 F.2d 1142, 1147–48 (9th Cir.1977) (federal appellate court interpreted Washington

---

1. In August 1982, the State's Attorney notified the concerned law enforcement agencies that no information would be filed against Hershey. The constitutionality of the Clearwater ordinance was thus never challenged at a trial.

2. Subsequent to the arrest of appellant Hershey and to the appellate court ruling on a similar ordinance in *City of Pompano Beach v. Capalbo*, 455 So.2d 468 (Fla.App. 4 Dist.1984), *petition for review denied*, 461 So.2d 113 (Fla.), *cert. denied*, 474 U.S. 824, 106 S.Ct. 80, 88 L.Ed.2d 65 (1985), the City of Clearwater amended the ordinance in question, originally codified as Ordinance 120.18, striking the words "or sleep." The amended version is currently in effect as Ordinance 150.13 of the Clearwater Code.

3. The district court dismissed the count against the City of Clearwater, holding that the section 1983 action for damages could not stand because the ordinance was not "'so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaws.'" (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 38, 99 S.Ct. 2627, 2632, 61 L.Ed.2d 343 (1979)). This is an incorrect statement of the law as to the city's liability. *See generally Owen v. City of Independence, Mo.*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980) (a municipality has no immunity from liability under the Civil Rights Act deriving from its constitutional violations; good faith will not serve as a defense for the city itself).

case law and severability clause of Washington statute under attack to hold that invalidity of one procedure of act would not necessarily invalidate remainder of act).

Under these principles, even if the words "or sleep" are struck from the Clearwater ordinance on void-for-vagueness grounds, there remains an ordinance that is both complete and sensible and that effectuates Clearwater's apparent purpose in passing the ordinance: to prevent use of motor vehicles, lacking basic amenities or sanitation facilities, as living quarters in that beach community frequented by visiters and tourists. *See* Clearwater, Fla., Ordinance 2710–82 (April, 15, 1982);[4] *see also City of Pompano Beach v. Capalbo*, 455 So.2d 468, 471–72 (Fla.App. 4 Dist.1984) (Hurley, J., dissenting), *petition for review denied*, 461 So.2d 113 (Fla.), *cert. denied*, 474 U.S. 824, 106 S.Ct. 80, 88 L.Ed.2d 65 (1985).

■ Even assuming that sleeping can be expressive conduct, an ordinance prohibiting lodging in vehicles in public areas is a reasonable time, place, and manner regula-

tion within the police power of the city, *see generally Clark v. Community for Creative Non-Violence*, 468 U.S. 288, 104 S.Ct. 3065, 82 L.Ed.2d 221 (1984), and is, like most legislation, presumptively constitutional, *see generally Miami Herald Publishing Co. v. City of Hallandale*, 734 F.2d 666, 673 (11th Cir.1984). The regulation, as it would read after severance of "or sleep," speaks only to lodging and thereby focuses specifically on the government's interest in maintaining public areas in an attractive condition and in protecting the health, safety and welfare of the public. Consequently, the ordinance—after severance—gives proper and precise notice of the conduct prohibited: a person may not, in fact, remain on public property and use his motor vehicle as a living accommodation there. The city ordinance is therefore constitutional, and an arrest could properly be made for a seeming violation of such an enactment. There is thus no liability on the part of the city or on the part of the arresting officer to petitioner Hershey based on his claim of arrest under an unconstitutional ordinance.[5]

4. The preamble of the ordinance sets out the city's purpose in passing the new law:

WHEREAS, it has been observed that persons have been sleeping in recreational vehicles and motor vehicles in the public street and on public property; and

WHEREAS, this practice constitutes a hazard to public health and safety and tends to discourage other persons from entering onto public beaches, parks and other public property; and

WHEREAS, this practice results in the public subsidizing housing for persons who otherwise would seek lodging at motels, travel trailer parks or similar establishments; ...

5. While we do not reach the question of whether the ordinance as written—that is, including the prohibition against sleeping—is unconstitutional; it is unclear whether the ordinance in its original form was either overbroad or vague for federal constitutional purposes.

The concept of overbreadth will usually only apply when a case involves constitutionally protected conduct. Such a challenge will be upheld only when "the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail." *Village of Hoffman Estates v. Flipside*, 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982). Nothing in the pertinent ordinance is aimed at curbing expressive conduct; the sleeping prohibited appears to be "of

the general kind, which enjoys no peculiar constitutional advantage." *People v. Davenport*, 222 Cal.Rptr. 736, 738, 176 Cal.App.3d Supp. 10 (Cal. Super.1985), *cert. denied*, 475 U.S. 1141, 106 S.Ct. 1794, 90 L.Ed.2d 339 (1986). The overbreadth challenge, then, would probably fail because the Clearwater ordinance did not reach a substantial amount of constitutionally protected activity (and probably reached no constitutionally protected conduct at all): it was in the nature of a valid exercise of the city's broad police powers. *Clark v. Community for Creative Non-Violence, supra.*

When an ordinance implicates no constitutionally protected conduct, a challenge as to the vagueness of the enactment on its face should succeed only if the enactment is impermissibly vague in all its applications. *Hoffman Estates*, 455 U.S. at 496, 102 S.Ct. at 1191, 1193. According to Florida (and general) rules of statutory construction, "when reasonably possible, a statute should be construed in such a manner as to avoid conflict with the Constitution." *Schultz v. State*, 361 So.2d 416, 418 (Fla.1978). Furthermore, "[c]onstruction of a statute which would lead to an absurd result should be avoided." *Winter v. Playa del Sol, Inc.*, 353 So.2d 598, 599 (Fla.App. 4 Dist.1977); *City of St. Petersburg v. Siebold*, 48 So.2d 291, 294 (Fla.1950) (en banc) ("The courts will not ascribe to the Legislature an intent to create absurd or harsh consequences, and so an interpretation avoiding ab-

■ Appellant Hershey also alleges that Officer Swain arrested him without probable cause and contests the district court's grant of summary judgment, on the ground that there are material facts in dispute as to probable cause for the arrest.

Summary judgment may be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact, viewing the evidence in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655, 656 (11th Cir. 1983). The nonmoving party, however, must go beyond the pleadings and, by affidavits or the depositions, answers to interrogatories, and admissions on file, designate what facts remain in dispute, thus necessitating a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). To support her motion for summary judgment, Officer Swain submitted an affidavit in which she asserted that, upon finding appellant Hershey lying

on a mattress in the back of his car, surrounded by articles of clothing, cooking utensils, food items and other personal property, she believed Hershey to have been sleeping or lodging in his car; that she then issued a citation pursuant to the ordinance; and that because Hershey refused to sign the citation, she then took him into custody.

Appellant Hershey made no response to this affidavit. Because he failed to come forth with any documentation to dispute Officer Swain's statements, for which he would have the burden at trial, the district court correctly granted summary judgment in the officer's favor. The undisputed facts (Hershey was lying on a mattress, various articles of clothing and other personal items were visible in the parked car) are sufficient to establish probable cause for Hershey's arrest for violation of the prohibition against lodging in a vehicle in a public place.[6]

surdity is always preferred."). Like the dissent in *Capalbo, supra,* we believe that it probably would be possible to give a limiting construction to the words "or sleep" in the Clearwater ordinance so as to effectuate the purpose of the ordinance (no use of vehicles as homes or hotels) and to eliminate any possibility that innocent nappers—newborn babes or otherwise— would be subject to the constraints of the enactment. In conjunction with a limiting judicial construction, the original ordinance very probably would not have been vague and therefore might well have passed constitutional muster. There is, incidentally, no evidence that Clearwater ever applied the ordinance to passengers in moving vehicles.

Appellant bases his arguments against constitutionality and against qualified immunity for the arresting officer in large part on three decisions: *State v. Penley,* 276 So.2d 180 (Fla.App. 2 Dist.) (statute prohibiting sleeping in public places was unconstitutional), *cert. denied,* 281 So.2d 504 (Fla.1973); *Capalbo, supra,* (statute forbidding lodging and sleeping in vehicles in public areas—with language virtually identical to that of Clearwater ordinance—unconstitutionally vague and overbroad because of sleeping language); *State v. Smith,* 15 Fla.Supp.2d 13 (Monroe County Ct. Jan. 31, 1986) (statute prohibiting sleeping in a public place or in a vehicle in a public place unconstitutional). None of these decisions is by Florida's highest court. At the time of Hershey's arrest in July 1982, the trial court in *Capalbo* had already found the Pompano Beach ordinance unconstitutional. We note that this was an apparently unpub-

lished decision of a trial court in a state judicial circuit that did not encompass Clearwater. The reported appellate decision in that case first came down some twenty-three months *after* Hershey's arrest. Also, the *Capalbo* decision was not unanimous: one judge dissented, stating that he would construe the ordinance to be constitutional. Furthermore, other courts have confronted laws involving sleeping in public places and have found them neither overbroad nor vague. *See Davenport, supra* (ordinance prohibiting sleeping in certain public areas during certain hours and prohibiting sleeping in public streets was constitutional; also cases cited therein); *Seeley v. State,* 134 Ariz. 263, 655 P.2d 803 (Ariz.App.1982) (Phoenix ordinance prohibiting lying, sleeping, or sitting on public streets and sidewalks was constitutional).

Thus, even if we held the Clearwater ordinance to be unconstitutional, we would hold that Officer Swain's conduct in arresting appellant Hershey for violation of that ordinance did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known," *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), and she would therefore be entitled to immunity.

6. Appellant in his brief on appeal disputes certain facts of the arresting officer's affidavit (whether or not he was actually asleep or even had his eyes closed, how far off the roadway his car was parked, whether certain personal items in the car were in plain sight or were hidden by the mattress). Appellant did not, however,

The district court's grant of summary judgment in favor of the City of Clearwater and Officer Swain is AFFIRMED.

bring such disputes to the attention of the district court as he could have done. Because the district court did not have appellant's deposition and other material before it in ruling on the summary judgment motion, that court could not and did not consider them in making its ruling. On appeal, we decline to consider material not before the district court which appellant now wishes to make part of the record, *see Harris v. United States,* 768 F.2d 1240, 1242 (11th Cir. 1985), *cert. granted, judgment vacated, and case remanded on other grounds,* — U.S. —, 107 S.Ct. 450, 93 L.Ed.2d 398 (1986); *Kemlon Products & Development Co. v. United States,* 646 F.2d 223, 224 (5th Cir.), *cert. denied,* 454 U.S.

863, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981); *In re Yarn Processing Patent Validity Litigation,* 536 F.2d 1025, 1026 (5th Cir.1976), although we recognize that we have the power to do so when the circumstances so warrant, *see First Alabama Bank of Montgomery v. Parsons Steel, Inc.,* 825 F.2d 1475, 1487 (11th Cir.1987); *IBM Corp. v. Edelstein,* 526 F.2d 37, 45 (2d Cir.1975) ("absent extraordinary circumstances, federal appellate courts will not consider rulings or evidence which are not part of the trial record"). Even if the disputed facts were resolved in appellant's favor, the undisputed facts would be sufficient to establish probable cause for arrest for lodging in a public place.