United States Court of Appeals
Fifth Circuit

**F I L E D**

July 28, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-41630

Summary Calendar

_____

CLARENCE A PITRE

Plaintiff - Appellant

v.

WADLEY REGIONAL MEDICAL CENTER, formerly known as Texarkana
Memorial Hospital

Defendant - Appellee

_____

Appeal from the United States District Court
for the Eastern District of Texas
No. 5:01-CV-139

_____

Before KING, Chief Judge, and DeMOSS and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

This appeal arises from a claim of racially discriminatory

discharge from employment.  Plaintiff-Appellant Clarence A.

Pitre, M.D., appeals the district court's grant of partial

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

summary judgment in favor of Defendant-Appellee Wadley Regional Medical Center.  We affirm.

The relevant facts are largely undisputed.  Clarence A. Pitre, M.D., an African-American male, is an obstetrical and gynecological ("OB/GYN") physician.  Pitre was employed by Wadley Regional Medical Center ("Wadley") from November 1998 until August 1999.  One of the terms of his employment contract expressly required that he hold and keep current his Texas Department of Public Safety ("DPS") certification.  Pitre's DPS certification lapsed on July 31, 1999, while he was on vacation; when he returned to work, he was informed of this lapse and told that he needed to have another doctor sign off on his prescriptions until his DPS renewal was completed.  However, on August 2, 1999, Wadley's interim CEO Bill Curtis fired Pitre and explained to Pitre that the termination was due to his failure to maintain a current DPS certification.

Pitre initiated this employment discrimination suit in May 2001, claiming that Wadley discharged him because of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) (2000), and 42 U.S.C. § 1981 (2000).  In response, Wadley filed a motion for partial summary judgment, alleging that Pitre could not establish a cause of action under either statute. The entire case was referred to a magistrate judge.  The magistrate judge, while assuming that Pitre could make out a prima facie case of racial discrimination, concluded that Pitre

had failed to present substantial evidence to demonstrate that Wadley's reasons were pretextual. The magistrate judge recommended granting Wadley's motion for partial summary judgment. The district court reached the same conclusion as the magistrate judge as to pretext, and it granted Wadley's motion.[1]

Before we begin our review of the district court's grant of partial summary judgment, we turn our attention to several motions. Wadley moves to strike (1) certain portions of the record excerpts containing deposition testimony and (2) the portions of Pitre's brief that refer to these excerpts. Pitre moves to supplement the record with the deposition pages contained in his record excerpts. Wadley argues that inclusion of the deposition pages would be improper because these depositions were not made part of the record, and Pitre responds that the record should be supplemented because there was no harm resulting from his failure to attach the deposition pages. As a general rule, this court is barred from considering evidence not included in the record on appeal, and "attachments to briefs will not suffice." Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 315 n.11 (5th Cir. 2002) (quoting In re GHR Energy Corp., 791 F.2d 1200, 1201-02 (5th Cir. 1986) (per curiam)). Because the depositions were not a part of the

---

[1] Departing from the magistrate judge's recommendation, the district court found that Pitre could establish a prima facie case of discrimination because he presented evidence that other similarly situated persons were treated more favorably than he.

3

district court record, the depositions cannot be considered; the absence of harm is irrelevant.  The motions to strike are granted and the motion to supplement is denied.

Turning to the grant of partial summary judgment, this court reviews a district court's grant of summary judgment de novo, reviewing the record under the same standards the district court applied in determining whether summary judgment was appropriate. See, e.g., Byers v. Dallas Morning News, 290 F.3d 419, 424 (5th Cir. 2000).  Under the summary judgment standard, a moving party is entitled to judgment as a matter of law when the pleadings, answers to interrogatories, admissions and affidavits on file indicate no genuine issue as to any material fact.  Id.

As the Supreme Court stated in Reeves v. Sanderson Plumbing Products, 530 U.S. 133 (2000), "McDonnell Douglas and subsequent decisions have 'established an allocation of the burden of production and an order for the presentation of proof,'" whereby a "plaintiff must [first] establish a prima facie case of discrimination. [After doing so,] [t]he burden [of production] shift[s] to [the defendant] to 'produce evidence that the plaintiff was rejected . . . for a legitimate, nondiscriminatory reason.'"  Id. at 142-43.  If the defendant is able to produce a legitimate reason, then the presumption of discrimination vanishes.  Id.  However, because the burden of persuasion "'remains at all times with the plaintiff,'" the plaintiff is "afforded the opportunity [to demonstrate that an issue of

4

material fact exists and] that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Id.

To establish his prima facie case of racial discrimination, Pitre must demonstrate: (1) that he belongs to a protected group; (2) he was qualified for his job; (3) an adverse employment action was taken against him; and (4) he was replaced by someone outside his protected group, or others similarly situated were treated more favorably. E.g., Okoye v. Univ. of Tex. Hous. Health Sci. Ctr., 245 F.3d 507, 512-13 (5th Cir. 2001). We agree with the district court's assessment that Pitre's prima facie case is relatively weak. However, even assuming arguendo that Pitre can demonstrate his prima facie case of discrimination, his evidence in support of pretext is lacking.

In attempting to show pretext, Pitre relies on essentially the same evidence that he used to establish his prima facie case. Pitre contends that Wadley's decision not to fire two white doctors whose certifications had expired suggests that similarly situated persons were treated more favorably than he. This dissimilar treatment, Pitre argues, indicates that the real reason for his termination was based on racial discrimination.

The district court concluded that Pitre did not present evidence that Wadley's legitimate, non-discriminatory reason for its decision to terminate Pitre was false. We agree. According

5

to the summary judgment record, there were significant differences between the situations of Dr. Johnny Jones and Dr. Thomas Wilson, the two white doctors that Pitre suggests were similarly situated but not discharged by Wadley. First, the evidence indicates that Jones's DPS license never expired, which makes his situation completely different from Pitre's. Second, although Wilson's DPS certificate did expire, by the time Wadley administrators became aware of the expiration, the certificate had already been renewed. Thus, in comparing Pitre with Jones and Wilson, Pitre was the only doctor to have his certification expire and have the Wadley administrators become aware of its expiration before it was renewed; these circumstances provided Wadley with a permissible basis for termination under Pitre's employment contract. More important, it means that Pitre's situation was not similar to the situations of Jones and Wilson. Whether we say that Pitre fails to make out a prima facie case or we say that he fails to provide sufficient evidence of pretext, the conclusion that summary judgment in favor of Wadley must be sustained is inescapable.

The final judgment of the district court is AFFIRMED; both of Wadley's motions to strike are GRANTED; Pitre's motion to supplement the record is DENIED.