EMILIO M. GARZA, Circuit Judge,
dissenting:
The majority opinion depends on the validity of a release contained in a Receipt, Release, Indemnity and Assignment Agreement between Combo and United, which was received by the courtroom deputy at oral argument. That document is not part of the record in this appeal. Nor is it part of the district court record as the agreement was reached after the district court granted summary judgment in Carnival’s favor. Without a formal submission of the agreement and its acceptance into the record, we cannot consider it. See, e.g., In re GHR Energy Corp., 791 F.2d 1200, 1201-02 (5th Cir.1986) (“[T]his court is barred from considering filings outside the record on appeal....”).
Although appellate courts have the discretion to supplement the record on appeal with evidence not reviewed by the court below, see Dickerson v. Alabama, 667 F.2d 1364, 1367 (11th Cir.1982), we should do so charily. I would not exercise this court’s discretion to accept the agreement into the record. At this time, there has been no determination that the agreement received at oral argument is a valid, accurate, and complete copy or otherwise competent and admissible evidence under the Federal Rules of Evidence. The document on which this appeal turns is materially different in kind from the types of documents which we have allowed to be supplemented on appeal. See, e.g., In re GHR, 791 F.2d at 1202 (ordering supplementation of appellate record with notice of appeal filed in the district court); Dickerson, 667 F.2d at 1367 (ordering supplementation of appellate record with state court trial transcript). Moreover, I question whether joint submission of the agreement by United and Carnival would even be sufficient, since Combo, one of the parties to the agreement, is not a party to this appeal. It very well may be that an evidentiary hearing is needed to determine the validity and scope of the agreement, especially in light of the fact that one of the parties to the agreement is not before the court.
I would hold judgment in abeyance, remand to the district court to create a record and to consider, in the first instance, the validity of the release and whether it moots this case.
Accordingly, I respectfully dissent.