AMERICAN CIVIL LIBERTIES
UNION OF FLORIDA INC.,
Plaintiff,

v.

DIXIE COUNTY FLORIDA, Defendant.

Case No. 1:07–cv–00018–MP–GRJ.

United States District Court,
N.D. Florida,
Gainesville Division.

Dec. 9, 2011.

Randall C. Marshall, ACLU of Florida, Miami, FL, Glenn Michael Katon, ACLU of Florida, Tampa, FL, for Plaintiff.

Anita Leigh Staver, Mathew D. Staver, Liberty Counsel, Maitland, FL, Horatio G. Mihet, Liberty Counsel, Orlando, FL, for Defendant.

## ORDER

GARY R. JONES, United States Magistrate Judge.

This matter is before the Court on doc. 193, Motion to Supplement Record for Appeal by Dixie County, Florida. Pursuant to Local Rule 26.2(A), deposition excerpts, rather than full transcripts, were filed by the parties in connection with their motions for summary judgment. Dixie County has appealed the Court's denial of their motion for summary judgment on standing and the granting of the ACLU's motion for summary judgment on the merits. Dixie County now requests that the Court supplement the record for appeal with the full transcripts of depositions taken in this case, on the ground that the full tran-

scripts are needed for appeal purposes. The ACLU has responded in opposition and states that Dixie County seeks to justify its extensive reliance on materials not considered by this Court.

Dixie County argues that the Eleventh Circuit's Expanded Record Excerpts Program "requires that appellants file the full transcripts of depositions filed in the lower court, even if only excerpts were filed in the lower court." Doc. 193 at 2. The ACLU disagrees and points out that although the Eleventh Circuit's Instructions for Preparing Expanded Record Excerpts states "[w]hen any portion of a witness' testimony is cited in the argument section of the brief, the entire transcript of that witness' testimony must be provided," it also states "[u]nder no circumstances should any document be included in the Expanded Record Excerpts that was not submitted to the trial court."

Dixie County contends that Local Rule 26.2(A) and Rule 10(e)(2)(B) of the Federal Rules of Appellate Procedure expressly authorize the Court to supplement the record for appeal. Dixie County points out that "Local Rule 26.2(A) provides, in relevant part: 'When documentation of discovery not previously in the record is needed for appeal purposes, upon an application and order of the court, or by stipulation of counsel, the necessary discovery papers shall be filed with the clerk.'" Doc. 193 at 3 (quoting N.D. Fla. Loc. R. 26.2(A)). Dixie County insists that this Rule "permits a party to supplement the record as of right with additional documents, so long as the additional documents are 'needed for appeal purposes.'" *Id.* Dixie County argues that the full transcripts are needed for appeal purposes since the Eleventh Circuit requires them as part of the record on appeal. Dixie County also argues that the supplementation is further authorized by Rule 10(e)(2)(B) of the Federal Rules of

Appellate Procedure, which "permits a district court to supplement the appellate record with "anything material to either party," either "before or after the record has been forwarded" to the Court of Appeals." Fed. R.App. P. 10(e)(2)(B).

■ Neither Local Rule 26.2(A) or Rule 10(e)(2)(B) of the Federal Rules of Appellate Procedure authorize the Court to supplement the record for appeal with material that was not considered by the district court. Rule 10(e) allows the record to be corrected or modified "[i]f anything material to either party is omitted from or misstated in the record by error or accident...." Dixie County's motion is not aimed towards correcting some misstatement or omission in the record, instead they are simply attempting to add new material that was never considered by this court. Furthermore, Local Rule 26.2(A) cannot be used to make an end-run around the federal appellate rule. The local rule simply permits discovery that is not ordinarily filed in the trial court, but is relied upon in the trial court's decision-making process, to be made a part of the record upon appeal. It does not serve to supplant Rule 10(e). Moreover, Dixie County had a full and fair opportunity during the briefing of the summary judgment motions to designate and submit any deposition testimony that it deemed necessary to support its position or upon which it wanted to rely.

■ The Eleventh Circuit's instructions and rules in this regard are consistent with the well-established principle that "'a federal appellate court may examine only the evidence which was before the district court when the latter decided the motion for summary judgment.'" *Chapman v. AI Transport,* 229 F.3d 1012, 1026 (11th Cir. 2000) (quoting *Welch v. Celotex Corp.,* 951 F.2d 1235, 1237 n. 3 (11th Cir.1992)). Among other materials and evidence, this

principle applies to deposition testimony that was not entered into the district court record or considered by the district court in granting or denying summary judgment. *See, e.g., Pitre v. Wadley Regional Med. Ctr.,* 73 Fed.Appx. 21, 22 (5th Cir. 2003) (denying motion to supplement record on appeal with deposition testimony, and explaining "[b]ecause the depositions were not a part of the district court record, the depositions cannot be considered; the absence of harm is irrelevant"); *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1165 (3d Cir.1986) (holding that the "district court below was not authorized to augment the record on appeal with deposition transcripts that were not on the record before it at the time its final decision was rendered"); *see also, e.g., Latrece Lockett v. Choice Hotels Intern., Inc.,* 315 Fed.Appx. 862, 867 n. 2 (11th Cir.2009) (noting district court's denial of motion to correct the record on appeal to include deposition transcript because requested addition "would not accurately reflect what occurred in the district court"). As the Seventh Circuit explained in *Henn v. Nat'l Geographic Soc'y,* "[p]arties who designate and file parts of a deposition for a district judge's consideration must be aware that the remainder of the deposition is not in the record on appeal." 819 F.2d 824, 831 (7th Cir.1987).

Accordingly, it is now **ORDERED** as follows:

1. Defendant's motion to supplement record for appeal, doc. 193, is DE-NIED.