Filed 5/29/18

# TO BE PUBLISHED IN THE OFFICIAL REPORTS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

## APPELLATE DIVISION

THE PEOPLE,

               Plaintiff(s) and Respondent(s),

    v.

TONY DIAZ,

               Defendant(s) and Appellant(s).

Appellate Division No.: CA273304
Trial Court Case No.: 2027491
Trial Court Location: Central Division

**OPINION**

Appeal from the June 27, 2017 judgment of conviction after court trial, finding defendant Tony Diaz guilty of violating San Diego Municipal Code section 86.0137(f)[1], entered by the Superior Court, San Diego County, Corinne Miesfeld, Commissioner. Following argument on May 17, 2018, this matter was taken under submission.

AFFIRMED.

On September 21, 2016, San Diego Police Department Officer Colin Governski went to Bonita Cove to investigate persons living out of their cars. The officer recognized Mr. Diaz' truck -- it had a camper shell missing a rear window that was partially covered with a blanket. The

---

[1] San Diego Municipal Code Section 86.0137(f) provides: " It is unlawful for any person to use a vehicle while it is parked or standing on any street as either temporary or permanent living quarters, abode, or place of habitation either overnight or day by day."

officer also observed his bicycle behind the truck and saw Diaz sleeping in the bed of the truck. The officer could hear him snoring. The officer retrieved his camera from his patrol car and also activated his body camera.

The officer testified he had given Diaz three prior warnings and three prior citations. During each of the seven total contacts with Diaz, the officer offered a number of resources, including food and shelter, provided by the Homeless Outreach Team (HOT), but each time he declined. The officer testified that during the June 10, 2016 contact, Diaz explained that, although he had never used the HOT services, he declined to use them because he believes his medication would be taken away and also stated that he couldn't live at his sister's house because she has a child.

Shortly after 6 p.m. on the date in question, the officer called out to Diaz and eventually awakened him. He informed him that the police were receiving complaints, but Diaz again declined the offer of HOT services. The officer issued the instant citation.

Diaz testified the law was so vague that all he had to do was have a camper shell full of camping equipment and, to the officer, that would be habitation. He said he takes a lot of medication and gets tired, so he has to lie down. He testified the officer would tell him he would go to jail or be ticketed, and he didn't understand how he could be punished for doing all he could and using what he had "to live and get by" and to make himself "well and sheltered."

On appeal, Diaz asserts that San Diego Municipal Code section 86.0137(f) violates due process because it is unconstitutionally vague. Appellant also argues that the ordinance violates equal protection by impermissibly infringing on Appellant's "fundamental right" to travel.[2]

I.      *Vagueness*[3]

With regard to the vagueness claim, a facial challenge to the constitutional validity of a statute or ordinance considers only the text of the measure itself, not its application to the particular

---

[2] We have also considered a brief filed by amici curiae ACLU Foundation of San Diego and Imperial Counties and Think Dignity. However, any issues raised in that brief that were not addressed by the parties are not considered by the appellate court. (*Younger v. State of California* (1982) 137 Cal.App.3d 806, 813-814; *Pratt v. Coast Trucking, Inc.* (1964) 228 Cal.App.2d 139, 143.)

[3] Respondent argues Appellant has forfeited his constitutional claims by not raising them at trial (Respondent's Brief, p. 4). Insofar as the issues raised involve pure questions of law, with no factual issues to be decided, we address Appellant's claims on the merits. (See *In re Sheena K.* (2007) 40 Cal.4th 875; *People v. Yarbrough* (2008) 169 Cal.App.4th 303, 310.) However, as explained in footnote 4, we decline to address Appellant's additional constitutional challenge based on the specific facts of this case.

circumstances of an individual. To support a determination of facial unconstitutionality, voiding the statute as a whole, Appellant cannot prevail by suggesting that in some future hypothetical situation constitutional problems may possibly arise as to the particular application of the statute. Rather, Appellant must demonstrate that the law's provisions inevitably pose a present total and fatal conflict with applicable constitutional provisions. (*Tobe v. City of Santa Ana* (1995) 9 Cal.4th 1069, 1084.)[4]

Section 86.0137(f) provides: " It is unlawful for any person to use a vehicle while it is parked or standing on any street as either temporary or permanent living quarters, abode, or place of habitation either overnight or day by day."  Appellant argues in  his opening brief that the statute is unconstitutionally vague because it does not define the terms "living quarters" and "habitation," and, therefore, provides no guidance as to what conduct is prohibited.  In support of his argument, Appellant cites *Desertrain v. City of Los Angeles* (9th Cir. 2014) 754 F.3d 1147, in which that Court found a similar Los Angeles ordinance unconstitutionally vague. The Court in *Desertrain* found that the ordinance violated due process in that it provided insufficient notice as to what conduct was prohibited.  It set forth a number of hypothetical innocent circumstances in which the ordinance could be deemed violated. (*Id*. at pp. 1155-1156.)

A contrary conclusion was reached in *Hershey v. City of Clearwater* (11th Cir. 1987) 834 F.2d 937.  The challenged ordinance in that case provided:

> It shall be unlawful for any person to lodge or sleep in, on or about any automobile, truck, trailer, camper, or similar vehicle in any public street, public park area, public way, right of way, parking lot or other public property within the limits of Clearwater, Florida.

(*Id. at* p. 939.)  The Court in *Hershey* struck the word "sleep" as vague, but found the remaining statute constitutionally sound.  It declared, "there remains an ordinance that is both complete and sensible and that effectuates Clearwater's apparent purpose in passing the ordinance: to prevent use

---

[4] Although Appellant's Opening Brief contains an additional argument entitled "As-Applied Challenge," that issue is not properly before this Court. Such a challenge contemplates analysis by the trial court of the facts of a particular case or cases to determine the circumstances in which the statute or ordinance has been applied and to consider whether in those particular circumstances the application deprived the individual to whom it was applied of a protected right. (*In re Sheena K.*, *supra*, pp. 882-886; *Tobe*, *supra*, 9 Cal.4th at pp. 1084-1089.)  The trial record contains no such argument or analysis. Therefore, the argument is forfeited on appeal.

of motor vehicles, lacking basic amenities or sanitation facilities, as living quarters….” (*Id.* at p. 940.)

In *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, the Court of Appeal considered Plaintiffs' challenge to a City of Sacramento ordinance that prohibited “camping” under certain circumstances and rejected the claim of vagueness. Plaintiffs had argued, *inter alia*, that the ordinance was unconstitutionally vague, and discussed its impact on the City's homeless population. The *Allen* court explained:

> Protections against vagueness are based on due process. To satisfy the constitutional requirement of due process of law, a penal statute must (1) be sufficiently definite to provide adequate notice of the conduct proscribed, and (2) provide sufficiently definite guidelines for the police in order to prevent arbitrary and discriminatory enforcement. [Citation.] However, no more than a reasonable degree of certainty is required. [Citation.] Thus, a statute is not void for uncertainty if any reasonable and practical construction can be given to its language. [Citation.] And " '[o]ften the requisite standards of certainty can be fleshed out from otherwise vague statutory language by reference to any of the following sources: (1) long established or commonly accepted usage; (2) usage at common law; (3) judicial interpretations of the statutory language or of similar language; [and] (4) legislative history or purpose. [Citation.]' " [Citations.]

(*Allen, supra*, 234 Cal.App.4th at pp. 54-55.)

The Court of Appeal has previously analyzed a vagueness challenge to the provision in Penal Code section 415 prohibiting the use of “offensive words in a public place which are inherently likely to provoke an immediate violent reaction.” (*In re John V*. (1985) 167 Cal.App.3d 761.) Rejecting the vagueness challenge, the Court of Appeal stated:

> A vagueness argument necessarily concerns our interpretation of “words” which inevitably contain germs of uncertainty. There are limitations in the English language with respect to being both specific and manageably brief which present problems of interpretation. [Citation.] But a statute is not vague if an ordinary person exercising ordinary common sense can sufficiently comply with its language. [Citation.] Even though words may be marked by “flexibility and reasonable breadth, rather than meticulous specificity” it is sufficient if a statute gives fair notice to those to whom it is directed. [Citation.] “The presumptive validity of the legislative act militates against invalidating a statute merely”…because difficulty is found in determining whether certain marginal offenses fall within…[its]

-4-

language." [Citations.] We are not obligated to 'consider every conceivable situation which might arise under the language of the statute' [citation], so long as it may be given 'a reasonable and practical construction in accordance with the probable intent of the Legislature' [citation]."[Citation.]

(*Id*. at pp. 768-769; see also *In re Alejandro G.* (1995) 37 Cal.App.4th 44, 48 [whether words are "fighting words" must be determined on a case-by-case basis].)

The reasonable and practical construction of the ordinance here is clear -- to prevent people from living in their vehicles on city streets. The language of the ordinance is sufficiently clear to inform persons that they may not use their vehicles as homes on any street, as well as to inform law enforcement that a person utilizing his or her vehicle for a purpose that does not turn the vehicle into a place of residence does not violate this ordinance. While there may be circumstances where the facts are open to conflicting interpretations, that does not render the ordinance unconstitutional—it simply creates a factual issue for the court.

## II.    *Equal Protection*

Appellant's equal protection argument is based on the assertion that the challenged ordinance improperly infringes on Appellant's right to travel. The California Supreme Court in *Tobe* analyzed this issue at length, and concluded that the ordinance in question there, which prohibited camping and storage of certain items in particular public places, did not impermissibly infringe on the right of the homeless, or others, to travel. (*Tobe, supra,* 9 Cal.4th at pp. 1096-1104.) The Court cited *Joyce v. City and County of San Francisco* (N.D. Cal. 1994) 846 F.Supp. 843, in which that Court rejected the argument that the city must show a compelling state interest under a strict scrutiny standard, noting that the law was not facially discriminatory as it did not distinguish between residents of the city and other persons.

The California Supreme Court in *Tobe* reversed the Court of Appeal's judgment that the Santa Ana ordinance impermissibly infringes on the right of homeless to travel and declared:

> The right to travel does not…endow citizens with a "right to live or stay where one will." While an individual may travel where he will and remain in a chosen location, that constitutional guaranty does not confer immunity against local trespass laws and does not create a right to remain without regard to the ownership of property on which he chooses to live or stay, be it public or privately owned property.

[¶]…[W]ith few exceptions, the creation or recognition of a constitutional right does not impose on a state or governmental subdivision the obligation to provide its citizens with the means to enjoy that right. [Citations.] Santa Ana has no constitutional obligation to make accommodations on or in public property available to the transient homeless to facilitate their exercise of the right to travel. [Citations.]

(*Tobe, supra,* 9 Cal.4th at pp. 1103-1104; see also, *Allen, supra,* 234 Cal.App.4th, p. 55, fn.1 [rejecting a similar claim].) We similarly conclude that the San Diego ordinance at issue does not impermissibly restrict the right to travel.

The *Tobe* Court noted that it was not insensitive to the importance of the larger issues raised by petitioners and amici curiae, but explained:

Many of those issues are the result of legislative policy decisions. The arguments of many amici curiae regarding the apparently intractable problem of homelessness and the impact of the Santa Ana ordinance on various groups of homeless persons (e.g., teenagers, families with children, and the mentally ill) should be addressed to the Legislature and the Orange County Board of Supervisors, not the judiciary. Neither the criminal justice system nor the judiciary is equipped to resolve chronic social problems, but criminalizing conduct that is a product of those problems is not for that reason constitutionally impermissible. [Citation.]

(*Tobe, supra*, 9 Cal.4th at p. 1092, fn. 12.)

This court is not insensitive to the struggles faced by the homeless population in San Diego or the serious collateral issues caused by homelessness within the San Diego community. However, our function is limited to judicial review of the validity of the ordinance being challenged as a result of the judgment in the trial department. As the Supreme Court in *Tobe* advised, broader policy considerations should be addressed by the appropriate legislative bodies.

The judgment is affirmed.

 

 

 

 

                                           _____

                                           HOWARD H. SHORE
                                           Judge, Appellate Division

GILL, J., concurring:

        I concur.


_____

CHARLES R. GILL
Presiding Judge, Appellate Division


KANESHIRO, J., concurring:

        I concur.


_____

GALE E. KANESHIRO
Judge, Appellate Division

Counsel for Appellant,
Tony Diaz

Coleen Cusack
3555 Fourth Avenue
San Diego, CA 92103


Counsel for Respondent,
The People of the State of California

Mara W. Elliott, City Atty
Appellate Division
1200 Third Ave, Suite 700
San Diego, CA 92101