KEMLON PRODUCTS AND DEVELOP-
MENT COMPANY et al.,
Plaintiffs-Appellees,

v.

UNITED STATES of America et al.,
Defendants-Appellants.

No. 79–1452.

United States Court of Appeals,
Fifth Circuit.

May 29, 1981.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Chief, Appellate Section, Robert A. Bernstein, Philip I. Brennan, Tax Division, U.S. Dept. of Justice, Washington, D. C., for defendants-appellants.

Sponsel & Urquhart, Edward D. Urquhart, Houston, Tex., for plaintiffs-appellees.

Before HILL, RUBIN and ANDERSON, Circuit Judges.

R. LANIER ANDERSON, III, Circuit Judge:

No member of this panel nor Judge of this Court in regular active service having requested that the Court be polled on

rehearing en banc (Rule 35, Fed.R.App.P.; Local Fifth Circuit Rule 16), the suggestion for Rehearing En Banc is DENIED.

 We also deny Kemlon's motion to supplement the record with items now in the record in the related and pending refund litigation between these same parties (Civil Action No. H–79–782, Southern District of Texas). A court of appeals will not ordinarily enlarge the record on appeal to include material not before the district court. *Salama v. Virginia,* 605 F.2d 1329 (4th Cir. 1979); *United States v. Walker,* 601 F.2d 1051 (9th Cir. 1979); *Drexel v. Union Prescription Centers, Inc.,* 582 F.2d 781, 784 n.4 (3d Cir. 1978); 16 Wright, Miller, Cooper & Gressman, *Federal Practice and Procedure,* § 3956 (1981). Also we conclude that it would be inappropriate in this case to take judicial notice of the extrarecord facts, as urged by Kemlon. *Compare United States v. Verlinsky,* 459 F.2d 1085 (5th Cir. 1972); *Landy v. Federal Deposit Insurance Corp.,* 486 F.2d 139 (3d Cir. 1973); *Parrish v. United States,* 376 F.2d 601 (4th Cir. 1967).

 However, Kemlon's petition for panel rehearing is granted to a limited extent. We withdraw footnote 8 of our opinion, and substitute the following footnote:

> Kemlon did mention in its brief on appeal that the district court had jurisdiction to entertain Kemlon's claims based on the Privacy Act of 1974 and the United States Constitution. The district court rejected both claims, holding that neither the Privacy Act nor the Constitution barred the disclosures at issue. Kemlon has not, in its brief on appeal, addressed the merits of either claim, nor the reasoning of the district court. It has made no substantial argument that it would be entitled to enjoin the proposed investigation based on either the Privacy Act or the Constitution, but instead argues in effect that if taxpayer has such rights, injunctions to preserve such rights are not within the scope of the Anti-Injunction Act. Accordingly, we do not address the merits of either claim.

As thus modified, our previous panel opinion is reinstated and Kemlon's petition for rehearing is denied in all other respects.

The suggestion for rehearing en banc is DENIED.

The petition for panel rehearing is GRANTED IN PART AND DENIED IN PART.