Diane L. MATTHEWS,
Plaintiff, Appellee,

v.

John O. MARSH, Jr., Secretary of the
Army, Defendant, Appellant.

No. 84-1482.

United States Court of Appeals,
First Circuit.

Argued Dec. 4, 1984.

Decided Feb. 22, 1985.

Breyer, Circuit Judge, filed dissenting
statement.

William G. Cole, Civil Div., Appellate Staff, Dept. of Justice, Washington, D.C., with whom Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Richard S. Cohen, U.S. Atty., Portland, Me., and Anthony J. Steinmeyer, Washington, D.C., were on brief for defendant, appellant.

Michael P. Asen, Portland, Me., with whom Robert Edmond Mittel and Mittel & Hefferan, Portland, Me., were on brief for plaintiff, appellee.

Before BREYER and TORRUELLA, Circuit Judges, and MALETZ,* Senior Judge.

TORRUELLA, Circuit Judge.

This appeal arises from a suit brought by Diane L. Matthews to challenge her disenrollment from the Reserve Officers Training Corps which followed her voluntary admission that she was a homosexual. For the reasons set out below, we vacate the district court's decision and remand the case for further proceedings.

Commencing in 1976 Appellee Matthews served in the United States Army for four years as a field communications equipment mechanic, during the course of which service she received numerous awards and high performance ratings, and rose to the level of sergeant. Upon completion of her tour of duty she was honorably discharged in September 1980. Two months after her discharge, Matthews enlisted as a sergeant in an United States Army Reserve unit in Scarborough, Maine. The following September she enrolled in college at the University of Maine at Orono, and thereafter she also joined the ROTC program.

On November 3, 1981, Matthews asked her ROTC lab instructor, Captain Alexander Miller, to excuse her from a lab session so that she might attend a student senate

---

* Of the United States Court of International Trade, sitting by designation.

meeting at the university. Upon further inquiry by Captain Miller, Matthews stated that the meeting involved discussing the budget allocation for the "Wilde-Stein Club." Upon inquiry by Captain Miller regarding the nature of that club, Matthews informed him that it was a campus homosexual organization of which she was a member. In further explaining her relationship to the club, Matthews also stated "I am a lesbian." Captain Miller then told Matthews that he would have to report that fact to his superiors, which he promptly did. He did not interfere in any way however with her attendance or participation in the club or the mentioned meeting. Later that day Matthews was informed by Captain Edwards that an investigation would be conducted to determine whether her homosexuality was cause for separation.

Army regulations and Department of Defense directives define a homosexual as one "who engages in, desires to engage in, or intends to engage in homosexual acts." DOD 1332.14; AR 135–175; AR 635–100. They further provide that a finding of homosexuality in any service member requires his immediate separation from military service. AR 145–1; AR 635–100; AR 135–175.

At the Army's request, Matthews underwent psychiatric consultation. In his report, the psychiatrist concluded that "disclosure of Matthews' homosexual identification was necessary for her as a matter of principal."

On completion of the Army's investigation, Captain Edwards issued a report concluding that Matthews came within the Regulation's definitions and that this was cause for her separation. Accordingly, Matthews was involuntarily disenrolled from the ROTC, and in addition received a "Bar to Reenlistment" to the Army Reserves, preventing her from serving beyond her present enlistment.

Matthews appealed the decision, exhausting her administrative remedies. Obtaining no relief through those channels, she then filed suit in the United States District Court. The parties consented to a non-jury trial before a federal magistrate without a jury, pursuant to 28 U.S.C. § 636(c).

At trial, the Army neither alleged nor proved that Matthews had participated in homosexual conduct. Rather it contended, as it still contends on this appeal, that Matthews was properly disenrolled solely on the basis of her "intent or desire" for homosexual activity, as stated in the regulations.

The district court held that Matthews' statement about her sexual preferences and her status as a homosexual both fall within the general ambit of first amendment rights, and that the Army's regulations were an unconstitutional infringement of those rights. The court ordered her reenrolled, and this appeal followed.

During the course of the briefing for the appeal, this court was made aware of additional evidence that may affect the disposition of this case on grounds other than those considered below. While this appeal was pending, Matthews had reapplied for entry into the ROTC, pursuant to the district court order. On her application, reproduced in the appellant's brief, she apparently signed a statement that described her as having "engaged in homosexual acts numerous times, last one being recently." Addendum to Appellant's Br. Since Matthews has not challenged the Army's right to disenroll her for her homosexual *conduct*, but only for her status, her statement might supply alternate grounds for disenrollment.

We also note that during pretrial discovery the Army had sought information regarding Matthews' sexual conduct during her service. *See* Defendant's Motion to Compel Discovery. Why the district court refused to allow the Army's motion is unclear, because Matthews' actual conduct would be highly relevant to the disposition of this case.

It is not ordinarily proper for an appellate court to take notice of new evidence not in the record. *Goldman v. Sears, Roebuck & Co.*, 607 F.2d 1014, 1017 n. 6 (1st

**184**

Cir.1979), *cert. denied,* 445 U.S. 929, 100 S.Ct. 1317, 63 L.Ed.2d 762 (1980). Nonetheless, it would be preferable to resolve this case on the grounds of actual conduct, rather than to undertake a review of the serious constitutional issues presented in the district court opinion. *See Three Affiliated Tribes v. Wold Engineering, P.C.,* —— U.S. ——, 104 S.Ct. 2267, 81 L.Ed.2d 113 (1984); *Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 347, 56 S.Ct. 466, 483, 80 L.Ed. 688 (1936) (Brandeis, J., concurring).

In addition, a constitutional ruling in plaintiff's favor may be an exercise in futility. Plaintiff seeks reinstatement. If reinstatement were ordered, it is quite possible that the Army would again find plaintiff unfit for duty. This time, however, it might base its opinion on evidence related to grounds of actual conduct, which grounds plaintiff does not challenge on a constitutional basis.

In view of the new evidence of apparent homosexual conduct, we think that the parties are in effect requesting an advisory opinion, which, of course, is impermissible. *See North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971) (per curiam); *Center for Science in the Public Interest v. Regan,* 727 F.2d 1161, 1166 n. 6 at 1167 (D.C.Cir.1984); U.S. Const. art. III, § 2.

Therefore, we remand the case to the district court for further proceedings not inconsistent with this opinion.\*\*

*Vacated and remanded.*

---

\*\* Judge Breyer believes that this court should not remand but should decide the merits of the appeal.