[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 96-1940

HIDEKO T. WORCESTER AND CHARLES E. WORCESTER,

Plaintiffs, Appellants,

v.

FILENE'S BASEMENT, CORPORATION, ET AL.,

Defendants, Appellees.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge] 



Before

Selya, Boudin and Stahl,
Circuit Judges. 



Hideko T. Worcester and Charles E. Worcester on brief pro se. 
Joseph P. Musacchio and Melick & Porter, LLP on brief for 
appellees Filene's Basement Corporation, Howard Nyman, Ray McCarthy,
Colleen Fitzpatrick, Maureen Supple, and Retail Enterprises, Inc.
Merita A. Hopkins and Robert J. Boyle, Jr. on brief for appellees 
Francis M. Roache, Ralph Caulfield, and Leo Coogan.



September 5, 1997


Per Curiam. Appellants Hideko and Charles 

Worcester appeal from the amount of damages the jury awarded

and from two orders of the district court entered prior to

trial. For the following reasons, we find that appellants'

contentions lack merit.

1. Damages. First, "[w]e generally will not 

review a party's contention that the damages award is

excessive or insufficient where the party has failed to allow

the district court to rule on the matter." O'Connor v. 

Huard, 117 F.3d 12, 18 (1st Cir. 1997). The record reflects 

that the district court was never provided with such an

opportunity. In any event, the only evidence appellants

present in support of their claim that the damages award was

too low is new evidence. Of course, this court does not

consider arguments or evidence not presented to the district

court. Matthews v. Marsh, 755 F.2d 182, 183-84 (1st Cir. 

1985).

2. Joseph Doe's Dismissal. We think that what 

appellants really are complaining about is the district

court's denial of their motion to substitute "Robert

Constine" for "Joseph Doe," which we treat as a motion to

amend the complaint to add an additional defendant. We

review the denial of such a motion for abuse of discretion.

Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 

1994). "[U]nseemly delay, in combination with other factors,

-2-

may warrant denial of a suggested amendment." Quaker State 

Oil Refining Corp. v. Garrity Oil Co., 884 F.2d 1510, 1517 

(1st Cir. 1989).

Here, appellants waited to move to amend the

complaint for about one year after the other police officer

involved in Hideko's arrest had been identified. In such a

situation, "the movant[s] ha[ve] the burden of showing some 

valid reason for [their] neglect and delay." Grant v. News 

Group Boston, Inc., 55 F.3d 1, 6 (1st Cir. 1995). Appellants 

do not present such reasons. First, to the extent that

appellants allege that the actions of their prior counsel

contributed to the delay in moving to amend the complaint,

appellants are bound by the acts or omissions of their

attorneys. United States v. One Lot of $25,721 in Currency, 

938 F.2d 1417, 1422 (1st Cir. 1991).

Second, the record reveals that after counsel

withdrew, it was appellants' own inaction which caused the

further delay. Such inaction cannot constitute a valid

reason. See Hayes v. New England Millwork Distributors, 

Inc., 602 F.2d 15, 20 (1st Cir. 1979). In any event, we 

think that both the court and the police defendants would

have been prejudiced by the addition of a new defendant so

late in the case because discovery would have had to be

reopened. See Grant, 55 F.3d at 5-6. 

-3-

3. Motion of Francis M. Roache for Summary 

Judgment. The district court did not abuse its discretion in 

denying appellants' request for more time in which to conduct

the discovery necessary to oppose this motion because the

record reveals that prior to the motion, ample time had

existed for such discovery. See Price v. General Motors 

Corp., 931 F.2d 162, 164 (1st Cir. 1991) (a party must show 

"good cause" for the failure to have conducted discovery

earlier). Further, "[a] court may grant summary judgment

despite an opposing party's claim that discovery would yield

additional facts where the opposing party has not alleged

specific facts that could be developed through such

discovery." Taylor v. Gallagher, 737 F,2d 134, 137 (1st Cir. 

1984). Appellants alleged no such facts here.

We have reviewed the remainder of appellants'

arguments and can find no reason to disturb the judgment of

the district court. Affirmed. 

-4-