USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1940 HIDEKO T. WORCESTER AND CHARLES E. WORCESTER, Plaintiffs, Appellants, v. FILENE'S BASEMENT, CORPORATION, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. George A. O'Toole, Jr., U.S. District Judge] ___________________ ____________________ Before Selya, Boudin and Stahl, Circuit Judges. ______________ ____________________ Hideko T. Worcester and Charles E. Worcester on brief pro se. ___________________ ____________________ Joseph P. Musacchio and Melick & Porter, LLP on brief for _____________________ _______________________ appellees Filene's Basement Corporation, Howard Nyman, Ray McCarthy, Colleen Fitzpatrick, Maureen Supple, and Retail Enterprises, Inc. Merita A. Hopkins and Robert J. Boyle, Jr. on brief for appellees _________________ ____________________ Francis M. Roache, Ralph Caulfield, and Leo Coogan. ____________________ September 5, 1997 ____________________ Per Curiam. Appellants Hideko and Charles ____________ Worcester appeal from the amount of damages the jury awarded and from two orders of the district court entered prior to trial. For the following reasons, we find that appellants' contentions lack merit. 1. Damages. First, "[w]e generally will not _______ review a party's contention that the damages award is excessive or insufficient where the party has failed to allow the district court to rule on the matter." O'Connor v. ________ Huard, 117 F.3d 12, 18 (1st Cir. 1997). The record reflects _____ that the district court was never provided with such an opportunity. In any event, the only evidence appellants present in support of their claim that the damages award was too low is new evidence. Of course, this court does not consider arguments or evidence not presented to the district court. Matthews v. Marsh, 755 F.2d 182, 183-84 (1st Cir. ________ _____ 1985). 2. Joseph Doe's Dismissal. We think that what _______________________ appellants really are complaining about is the district court's denial of their motion to substitute "Robert Constine" for "Joseph Doe," which we treat as a motion to amend the complaint to add an additional defendant. We review the denial of such a motion for abuse of discretion. Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. _______________________ ____ 1994). "[U]nseemly delay, in combination with other factors, -2- may warrant denial of a suggested amendment." Quaker State ____________ Oil Refining Corp. v. Garrity Oil Co., 884 F.2d 1510, 1517 ___________________ ________________ (1st Cir. 1989). Here, appellants waited to move to amend the complaint for about one year after the other police officer involved in Hideko's arrest had been identified. In such a situation, "the movant[s] ha[ve] the burden of showing some ______ valid reason for [their] neglect and delay." Grant v. News _____ ____ Group Boston, Inc., 55 F.3d 1, 6 (1st Cir. 1995). Appellants __________________ do not present such reasons. First, to the extent that appellants allege that the actions of their prior counsel contributed to the delay in moving to amend the complaint, appellants are bound by the acts or omissions of their attorneys. United States v. One Lot of $25,721 in Currency, _____________ ______________________________ 938 F.2d 1417, 1422 (1st Cir. 1991). Second, the record reveals that after counsel withdrew, it was appellants' own inaction which caused the further delay. Such inaction cannot constitute a valid reason. See Hayes v. New England Millwork Distributors, ___ _____ ____________________________________ Inc., 602 F.2d 15, 20 (1st Cir. 1979). In any event, we ____ think that both the court and the police defendants would have been prejudiced by the addition of a new defendant so late in the case because discovery would have had to be reopened. See Grant, 55 F.3d at 5-6. ___ _____ -3- 3. Motion of Francis M. Roache for Summary _____________________________________________ Judgment. The district court did not abuse its discretion in ________ denying appellants' request for more time in which to conduct the discovery necessary to oppose this motion because the record reveals that prior to the motion, ample time had existed for such discovery. See Price v. General Motors ___ _____ ______________ Corp., 931 F.2d 162, 164 (1st Cir. 1991) (a party must show _____ "good cause" for the failure to have conducted discovery earlier). Further, "[a] court may grant summary judgment despite an opposing party's claim that discovery would yield additional facts where the opposing party has not alleged specific facts that could be developed through such discovery." Taylor v. Gallagher, 737 F,2d 134, 137 (1st Cir. ______ _________ 1984). Appellants alleged no such facts here. We have reviewed the remainder of appellants' arguments and can find no reason to disturb the judgment of the district court. Affirmed. ________ -4-