IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20475
Summary Calendar
_____

KEITH GROSS

        Plaintiff - Appellant

    v.

HARRIS COUNTY CLERK; STATE OF TEXAS; MONICA PECKHAM

        Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-4250
--------------------
February 19, 2002

Before KING, Chief Judge, and DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Keith Gross appeals from a final judgment in his suit against the State of Texas and the Harris County Clerk.  Gross was injured in a motorcycle accident and incurred medical costs at a hospital.  When Gross sued the alleged tortfeasors in state court, the hospital, represented by attorney Monica Peckham, obtained a lien on Gross' cause of action pursuant to the Texas Hospital Lien Statute, TEX. PROP. CODE §§ 55.001-008.  Gross filed an action in the court below seeking damages and a declaration that the statute was unconstitutional.  Gross later sought leave

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to amend his complaint to add Peckham as a defendant, claiming that Peckham was liable to him for damages under 42 U.S.C. § 1983 should she foreclose on the lien. The district court ruled that Peckham could not be a "state actor," denied leave to amend the complaint, and imposed sanctions on Gross. The court dismissed Gross' action, holding that Gross lacked standing to pursue his claim and that his claim was not ripe.

Gross has not briefed any issue relating to the district court's dismissal of his claims against the Harris County Clerk. This court "will not raise and discuss legal issues that [Gross] has failed to assert." Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Any arguments that Gross may have had regarding the dismissal of his claims against the Harris County Clerk are deemed waived. See Carmon v. Lubrizol Corp., 17 F.3d 791, 794 & n.6 (5th Cir. 1994).

We agree with the district court's determination on summary judgment that Gross lacked standing to pursue his declaratory action regarding the constitutionality of the Texas Hospital Lien Statute. To have standing, a plaintiff must show that he has suffered an injury in fact. Southern Christian Leadership Conference v. Supreme Court of the State of Louisiana, 252 F.3d 781, 788 (5th Cir.), cert. denied, 122 S. Ct. 464 (2001). "An 'injury in fact' is an invasion of a legally protected interest which is both (a) concrete and particularized, and (b) actual or imminent and not conjectural or hypothetical." Id. Second, the plaintiff must establish causation - a fairly traceable connection between the plaintiff's injury and the complained-of

conduct of the defendant. Id. Last, there must be redressability – a likelihood that the requested relief will redress the alleged injury. Id. Each of the above elements must be supported in the same way as any other matter of proof with the manner and degree of evidence required at successive stages of litigation. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

Gross has failed to show that he has suffered an injury in fact. Accordingly, we AFFIRM the dismissal of his action for a declaratory judgment. Because we affirm the district court's dismissal for lack of standing, we do not reach the issue of ripeness.

In connection with this issue, Gross has submitted a motion to supplement the record, attaching a copy of a judgment in his favor in the underlying state court case dated December 19, 2001. He requests that we rule on his declaratory action or remand the case for further proceedings on the issue. The motion is in all respects DENIED.[1]

Although the district court did not address the issue of standing as to Gross' claim against Peckham, this court may consider the issue on appeal because standing is a jurisdictional requirement which is open to review at all stages of the

---

[1] "A court of appeals will not ordinarily enlarge the record on appeal to include material not before the district court." Kemlon Products & Development Co. v. United States, 646 F.2d 223, 224 (5th Cir. 1981). Furthermore, the state court judgment has no bearing on our disposition of the instant matter, as it fails to establish that Gross had standing at the commencement of the litigation in 1998. See United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980); Pederson v. Louisiana State University, 213 F.3d 858, 869 (5th Cir. 2000).

litigation. See In re Taxable Municipal Bond Securities Litigation, 51 F.3d 518, 521 (5th Cir. 1995). Gross' allegations reveal the speculative nature of his anticipated claim against Peckham, and nothing in the record suggests that he has suffered an injury in fact as a result of Peckham's actions. As amendment of Gross' complaint would have been futile given the insurmountable problem with standing, we hold that the district court did not err in denying leave to amend the complaint to add Peckham as a defendant.

The Harris County Clerk and Peckham have requested sanctions against Gross for pursuing a frivolous appeal. We deny the request of the former because it was not made by separate motion, as required under FED. R. APP. P. 38.

Peckham contends that Gross' appeal is frivolous because Gross should have been aware that attorneys cannot be held liable to opposing parties for acts taken in representing clients. "An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit." Coghlan v. Starkey, 852 F.2d 806, 811 (5th Cir. 1988). Peckham has failed to show that attorneys cannot be state actors under 42 U.S.C. § 1983 based on acts taken in the scope of representation. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1267 (3d Cir. 1994). Accordingly, Peckham's motion for sanctions is DENIED. We note that our ruling as to Peckham's motion in no way affects the sanctions imposed on Gross by the court below, as Gross has not appealed that judgment.

AFFIRMED; MOTION TO SUPPLEMENT THE RECORD DENIED; SANCTIONS MOTIONS DENIED.