IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60331
Conference Calendar
_____


GABRIEL MCDOWELL,

                                        Plaintiff-Appellant,

versus

HANCOCK COUNTY JAIL, Etc.; ET AL.,

                                        Defendants,

GERALD NECAISE, Sheriff;
DAVE JOHNSON, Sergeant,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:99-CV-569-RG
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:*

     Gabriel McDowell, now Mississippi inmate # 37862, appeals
from the dismissal of his action under 42 U.S.C. § 1983.
McDowell alleged that after a slip and fall at the Hancock County
Jail, prison officials Dave Johnson and Gerald Necaise denied his
requests for medical attention.  McDowell also complained about
prison conditions that allegedly caused his fall.

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

McDowell has filed a motion to supplement the record. "A court of appeals will not ordinarily enlarge the record on appeal to include material not before the district court." Kemlon Prods. & Dev. Co. v. United States, 646 F.2d 223, 224 (5th Cir. 1981). The motion is DENIED. McDowell also moves for the appointment of counsel and seeks leave to amend his complaint. These requests are DENIED AS MOOT.

McDowell argues that the magistrate judge erred in dismissing his complaint because he alleged facts sufficient to establish that Johnson and Necaise acted under the color of state law when they denied his request for medical attention. The failure to provide medical care results in liability "if the plaintiff can show that a state official acted with deliberate indifference to a substantial risk of serious medical harm and that injuries resulted." Wagner v. Bay City, Texas, 227 F.3d 316, 324 (5th Cir. 2000). McDowell's factual allegations do not suggest that either Johnson or Necaise was deliberately indifferent to a substantial risk of harm, and McDowell likewise does not allege that injury resulted from their delay in obtaining medical treatment. He has thus failed to state a claim against these defendants.

McDowell's original brief makes no argument that the district court erred in dismissing his claim against the Hancock County Jail. The appellant's brief must contain an argument, which in turn must contain his "contentions and the reasons for

them, with citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28 (a)(9); see Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Although this court applies less stringent standards to pro se litigants than to parties represented by counsel and liberally construes their briefs, pro se parties must still brief the issues and reasonably comply with the requirements of FED. R. APP. P. 28. See Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995).

McDowell's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2.

The dismissal of McDowell's complaint for failure to state a claim counts as a "strike" pursuant to 28 U.S.C. § 1915(g), as does the dismissal of this appeal. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). The dismissal as frivolous of a previous civil-rights complaint filed by McDowell also counts as a strike, as does this court's dismissal as frivolous of McDowell's appeal in the previous matter. See id.; McDowell v. Hancock County Med. Univ., No. 96-60364 (5th Cir. Oct. 24, 1996)(unpublished). Because McDowell has accumulated at least three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

DISMISSED; THREE-STRIKES BAR IMPOSED; MOTION TO SUPPLEMENT THE RECORD DENIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED AS MOOT; MOTION FOR LEAVE TO AMEND THE COMPLAINT DENIED AS MOOT.