[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 24, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15580
Non-Argument Calendar
_____

D. C. Docket No. 06-02327-CV-T-27-MSS

DALE A. GULDEN,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee,

STEWARD W. STICH,
CAROL RITTINGER,
UNKNOWN DOES,
in their individual capacity,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(July 24, 2008)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Dale A. Gulden, a taxpayer proceeding pro se, appeals the dismissal of his pro se complaint against the United States for lack of jurisdiction based on sovereign immunity and the Anti-Injunction Act. In his complaint, Gulden claimed that the Internal Revenue Service ("IRS") unlawfully filed substitute tax returns on his behalf for tax years 2000 through 2004, improperly made assessments based on those returns, and issued deceptive summonses to financial institutions without authority. He sought an order requiring the IRS to: (1) correct its records to show that no substitute returns were filed on his behalf and no assessments made; (2) cease any activity regarding its incorrect records; and (3) notify parties who were sent summonses that the summonses were sent in error. On appeal, Gulden argues generally that the district court erred in dismissing his complaint based on sovereign immunity and the Anti-Injunction Act.

As explained below, the district court correctly found that Gulden was challenging actions of the IRS related to the assessment or collection of his unpaid taxes, and thus, the Anti-Injunction Act barred the suit. The court also properly found that no exceptions applied. Therefore, we AFFIRM.

# I. BACKGROUND

In December 2006, Gulden initially filed a <u>pro se</u> complaint against the United States and several IRS employees. R1-1 at 1. The government filed a motion to dismiss the complaint. R1-10. Gulden then filed an amended complaint naming the United States as the sole defendant, where he alleged that the IRS filed invalid tax returns on his behalf for the tax years from 2000 to 2004 and imposed assessments on him based on those returns. R1-17 at 1-4. He alleged that the IRS issued an unknown number of deceptive summonses to financial institutions without authority, which damaged his reputation. <u>Id.</u> at 3, 6. He claimed that the IRS could not validly impose on him the assessments, and any collection action by the IRS was without a legal basis. <u>Id.</u> at 7. He contended that these actions were taken without statutory authority and they denied him "Administrative Due Process." <u>Id.</u> at 2-7. He requested relief in the form of an order requiring the IRS to: (1) correct its records to show that no assessment was made against him and no substitute tax return was filed for him; (2) cease any activity related to the allegedly incorrect records; and (3) notify parties who were sent summonses that the summonses were sent in error. <u>Id.</u> at 7-8. Gulden attached several exhibits to his amended complaint. <u>Id.</u>, exhs.

The government filed a motion to dismiss the amended complaint where it

3

argued, consistent with its first motion to dismiss, that the district court lacked subject-matter jurisdiction under the Anti-Injunction Act, 26 U.S.C. § 7421. R1-18 at 3-4. In its first motion to dismiss, the government argued that § 7421 barred the suit because Gulden was impermissibly attempting to restrain the IRS from collecting his unpaid federal income tax liabilities. R1-10 at 3. The government explained that none of the statutory exceptions from § 7421 applied to the suit, and the judicial exception was inapplicable because it was not clear that the government would lose under all circumstances and equity jurisdiction would not otherwise exist. Id.

Gulden responded that the Anti-Injunction Act did not apply because the IRS engaged in unlawful or unauthorized acts. R1-20 at 2. He argued that he was not seeking to enjoin the IRS from collecting his unpaid federal income tax liabilities, but rather, he sought the correction of IRS records, cessation of "unauthorized and unlawful activity," and mitigation of the damage done to his reputation by the issuance of summonses. Id.

In an order entered on 29 October 2007, the district court granted the government's motion to dismiss, finding that it lacked subject-matter jurisdiction over the action. R1-29 at 1. Specifically, it found that sovereign immunity barred the suit because Gulden did not establish that the government explicitly waived

4

immunity. Id. at 3. Moreover, the court found that Gulden's claims implicitly concerned the collection of his unpaid taxes, despite his argument to the contrary, and he sought injunctive relief. Id. at 4. Because the Anti-Injunction Act barred suits intended to restrain the collection of any tax and it is interpreted broadly, it applied to Gulden's suit. Id. at 4-5. Gulden did not allege and the amended complaint did not reveal that any exceptions to the Act applied. Id. at 5. The court also found that it lacked jurisdiction to consider the suit under the Privacy Act, 5 U.S.C. § 552a(g)(1)(C), based on Internal Revenue Code ("IRC") § 7852(e). Id. Finally, the court alternatively found that Gulden failed to state a claim because the activities of the IRS that he alleged were improper or illegal were, in fact, authorized by statute and conducted in the normal course of tax collection activities. Id. at 6 n.2. Gulden timely filed a notice of appeal on 26 November 2007. R1-30.

## II. DISCUSSION

On appeal, Gulden, still pro se, argues that the IRS denied him due process and the "anti-injunction act and sovereign immunity protection can not stand when a constitutional violation has taken place." He contends that he was denied due process because IRS tax records did not show a valid tax return, which is required for an assessment. He also notes that the Anti-Injunction Act should not apply if:

5

(1) under no circumstances would the government succeed on the merits; and (2) equity jurisdiction otherwise exists because the plaintiff would suffer irreparable harm and no adequate legal remedy existed.

Gulden also contends that the Anti-Injunction Act did not bar his suit because it only bars suits aimed at "enjoining [] the collection of a lawful tax," and he alleged facts demonstrating that any tax collection action against him was not lawful because there was no valid tax return. Appellant's Reply Brief at 3. He contends that sovereign immunity was not applicable because it only protects a government agency that acts lawfully, and he demonstrated that the IRS was not acting lawfully. Thus, the district court had subject matter jurisdiction over his suit.

"We review dismissals for lack of federal subject matter jurisdiction de novo." Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994). Congress may waive immunity, but such a waiver must be "unequivocally expressed," and the waiver "is to be strictly construed, in terms of its scope, in favor of the sovereign." Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255, 261, 119 S.Ct. 687, 691, 142 L.Ed.2d 718 (1999) (quotation omitted).

Section 702 of the Administrative Procedure Act generally states that "[a] person suffering legal wrong because of agency action" may bring an action naming the United States as a defendant if the person seeks "relief other than money damages." 5 U.S.C. § 702. The Supreme Court has stated that this statute "waives the Government's immunity from actions seeking relief 'other than money damages.'" Dep't of the Army, 525 U.S. at 260-61, 119 S.Ct. at 691. However, section 702 also provides that "[n]othing herein . . . affects other limitations on judicial review." 5 U.S.C. § 702.

The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). The principal purposes of the Anti-Injunction Act were to protect the government's ability to "assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference" and to require that a taxpayer assert his legal right to disputed sums in a suit for refund. Bob Jones Univ. v. Simon, 416 U.S. 725, 736, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974). Accordingly, the Anti-Injunction Act bars not only suits that directly seek to restrain the assessment or collection of taxes, but also suits that seek to restrain IRS activities "which are intended to or may culminate in the assessment or collection of taxes." Kemlon Prods. and Dev. Co. v. United States,

7

638 F.2d 1315, 1320 (5th Cir.), modified on other grounds 646 F.2d 223 (5th Cir. 1981) (quotation omitted).

The Court created a limited judicial exception to the Anti-Injunction Act, holding that it would not apply if "(1) 'it is clear that under no circumstances could the Government ultimately prevail,' (2) and 'equity jurisdiction otherwise exists' – that is there must be (a) irreparable injury and (b) no adequate remedy at law." Clark v. Campbell, 501 F.2d 108, 125 n.56 (5th Cir. 1974) (quoting Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962)). The Anti-Injunction Act lists several statutory exceptions not relevant here.

If a taxpayer fails to file an income tax return, the IRS may file a substitute return based on information it has or can obtain, and such a return is "prima facie good and sufficient for all legal purposes." 26 U.S.C. § 6020(b). In addition, the IRS may issue summonses to any person with relevant information in order to file a substitute income tax return when a taxpayer fails to do so or in order to determine a taxpayer's tax liability. 26 U.S.C. § 7602(a). Before the IRS takes steps to collect unpaid taxes, it will send the taxpayer a notice of deficiency, which the taxpayer may contest in the Tax Court. 26 U.S.C. §§ 6212(a), 6213(a). Before the IRS imposes a levy to collect unpaid taxes, the taxpayer may request a hearing,

8

and he may petition the Tax Court to review the result of the hearing. 26 U.S.C. § 6330(a), (b), (d). A taxpayer may appeal a decision of the Tax Court to a United States Court of Appeals, as the federal Courts of Appeals have exclusive jurisdiction to review the Tax Court's decisions. See 26 U.S.C. § 7482; Tax Court R. 190; Fed.R.App.P. 13. After the IRS collects taxes owed, a taxpayer may file a claim with the IRS for a refund, and if that claim is denied, he may sue for a refund in federal court. 26 U.S.C. §§ 6511(a), 6532(a), 7422(a); 28 U.S.C. § 1346(a)(1).

The Court has stated that the United States has the right to "collect its internal revenue by summary administrative proceedings" as long as "adequate opportunity is afforded for a later judicial determination of the legal rights." Phillips v. Comm'r, 283 U.S. 589, 595, 51 S.Ct. 608, 611, 75 L.Ed. 1289 (1931). An adequate remedy at law, for the purposes of challenging the IRS's collection of an alleged tax deficiency, includes a taxpayer's option of paying the disputed tax and then suing for a refund. Hobson v. Fischbeck, 758 F.2d 579, 581 (11th Cir. 1985).

The district court properly dismissed Gulden's complaint after finding that it lacked subject matter jurisdiction over his suit. Even assuming, arguendo, that his suit fell under the general waiver of sovereign immunity found in 5 U.S.C. § 702, the suit was barred by the Anti-Injunction Act. Section 702 expressly states that it

9

does not affect limitations on judicial review found in other statutes, and the Anti-Injunction Act contains one such limitation. See 5 U.S.C. § 702; 26 U.S.C. § 7421(a). Gulden claimed that the IRS made assessments for tax years 2000 through 2004 based on improper tax returns filed on his behalf and that the IRS improperly sent summonses to financial institutions. R1-17 at 3-7. He sought mandatory and prohibitive injunctive relief, in the form of an order that the IRS correct its allegedly inaccurate records, cease any activity on the basis of those records, and notify the parties summoned that the summonses were sent in error. Id. at 7-8. Because the relief Gulden requested would have restrained the IRS from eventually assessing or collecting his unpaid tax liability, his suit was barred by the Anti-Injunction Act. See Kemlon Prods., 638 F.2d at 1320.

Gulden references the judicial exception to the Anti-Injunction Act, set forth by the Supreme Court in Williams Packing, in his initial brief, but he fails to present any argument as to why it should apply in this case. Nonetheless, we should note that exception does not apply here because he failed to demonstrate either that the government would not prevail under any circumstances or that equity jurisdiction was otherwise available. See Clark, 501 F.2d at 125 n.56. Specifically, the government likely would prevail in light of the IRS's statutory authority to file a substitute tax return on behalf of a taxpayer who did not file a

10

return and to issue summonses to investigate a taxpayer's tax liability. See 26 U.S.C. §§ 6020(b); 7602(a). Also, to the extent that Gulden raised a due process claim, that also would likely fail. See Phillips, 283 U.S. at 595, 51 S.Ct. at 611. In addition, equitable relief did not otherwise exist because Gulden had an adequate remedy at law – he could have paid his tax liability and later filed a claim or a suit for a refund, see Hobson, 758 F.2d at 581, or he could have appealed to the Tax Court without paying the tax. Finally, Gulden does not argue and the record does not reveal that any statutory exceptions to the Anti-Injunction Act apply here, or that any other basis for subject matter jurisdiction existed.

## III. CONCLUSION

The district court properly dismissed Gulden's suit for lack of subject matter jurisdiction because it was barred by application of the Anti-Injunction Act, 26 U.S.C. § 7421(a). Accordingly, we **AFFIRM.**