# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 15, 2021

Lyle W. Cayce
Clerk

No. 20-10855
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Emir Adel Chehab,

*Defendant—Appellant*.

Appeal from the United States District Court for
the Northern District of Texas
USDC No. 4:18-cr-298-1

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Emir Adel Chebab filed a motion for compassionate release from prison. The district court denied the motion. Finding no abuse of discretion, we affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10855

## I.

Emir Adel Chehab is serving a four-year prison sentence for conspiring to commit money laundering. On July 9, 2020, he filed a motion arguing that the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), entitles him to compassionate release. *See United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020) (explaining that the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow inmates to move for compassionate release after exhausting administrative remedies). He argued that his advanced age and unspecified medical conditions in combination with the threat posed by the Covid-19 pandemic justified compassionate release.

The district court denied Chehab's motion on August 11, 2020. First, it noted that Chehab offered no proof that he exhausted his administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A). Second, it found that Chehab had not shown the "extraordinary and compelling reasons," 18 U.S.C. § 3582(c)(1)(A)(i), that are required to warrant compassionate release. Specifically, Chehab did not present evidence of any specific medical condition beyond his advanced age, and his advanced age coupled with general concerns about Covid-19 were insufficient to constitute "extraordinary and compelling reasons" for compassionate release. Chehab timely appealed the district court's motion on August 17, 2020.[†] In our court,

---

[†] Chehab also filed a second motion for compassionate release in the district court on September 8, 2020. In this motion, Chehab identified his specific medical conditions—four herniated disks and high blood pressure—and claimed that he had exhausted administrative remedies. The district court construed this filing as a motion for reconsideration of its denial of Chehab's first compassionate release motion. The district court denied the motion on October 1, 2020. Chehab did not appeal from this denial. *See Smith v. Barry*, 502 U.S. 244, 248 (1992) (holding that "courts should construe [Federal] Rule [of Appellate Procedure] 3 liberally when determining whether" a prisoner has properly noticed an appeal, but also emphasizing that "noncompliance is fatal to an appeal"). So we need not consider whether that denial constituted an abuse of discretion.

No. 20-10855

Chehab filed a motion for compassionate release and a motion to appoint counsel. He also filed motions asking to file a supplemental brief and exhibit.

II.

We review the district court's denial of Chehab's compassionate release motion for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). "[A] court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks omitted). "The courts that granted compassionate release . . . largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns." *United States v. Thompson*, 984 F.3d 431, 434–45 (5th Cir. 2021).

Chehab's motion presented no specific health concerns beyond Covid-19 and advanced age, and he had served approximately half his sentence when the district court denied his motion. A district court does not abuse its discretion by denying a compassionate release motion under such circumstances. *See id.* at 435 (upholding denial of compassionate release motion based partly on "fear of COVID" where defendant had two well-controlled chronic medical conditions and had completed less than half his sentence).

Chehab also argues that the district court could have and should have waived § 3582(c)(1)(A)'s exhaustion requirement. *Cf. Valentine v. Collier*, 956 F.3d 797, 807 (Higginson, J., concurring in the judgment) ("[S]everal courts have concluded that this [exhaustion] requirement is not absolute and that it can be waived by the government or by the court."). We need not consider this argument because, as just discussed, the district court was within its discretion to find that Chehab did not present "extraordinary and compelling reasons to warrant" compassionate release even if he had

No. 20-10855

exhausted administrative remedies or the court or government waived the exhaustion requirement.

Finally, Chehab filed four motions in our court, all of which we deny. First, he asked us to order his compassionate release. We deny that motion because the text of § 3582 requires that such motions be addressed by the sentencing court. *See also United States v. Glenewinkel*, 831 F. App'x 158, 159 (5th Cir. 2020) (finding no authority that an appellate court may reduce a federal prisoner's sentence in the first instance under § 3582). Second, Chehab moved to appoint counsel. We deny this motion because the interest of justice does not require the appointment of counsel here. *See United States v. Okpalobi*, 831 F. App'x 715, 716 (5th Cir. 2020). Third, Chehab moved to file a supplemental brief. We deny this motion because Chehab's proposed brief merely invokes a handful of district court cases, most of which are from outside this circuit and none of which change the applicable law or bind this court. Fourth, Chehab moves to file a new exhibit. We deny this motion because the proposed exhibit was not before the district court. *See Kemlon Prods. & Dev. Co. v. United States*, 646 F.2d 223, 224 (5th Cir. 1981) ("A court of appeals will not ordinarily enlarge the record on appeal to include material not before the district court.").

\* \* \*

The district court's judgment is AFFIRMED. Chehab's motions for compassionate release, for appointment of counsel, to file a supplemental brief, and to file a new exhibit are DENIED.