NOT FOR PUBLICATION

FILED

FEB 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORA DELGADILLO,<br><br>  Plaintiff-Appellant,<br><br> v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>  Defendant-Appellee. | No.   20-56211<br><br>D.C. No. 2:19-cv-09373-JAK-KES<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted November 10, 2021[**]
Pasadena, California

Before:  COLLINS and LEE, Circuit Judges, and OTAKE,[***] District Judge.

Nora Delgadillo appeals the district court's decision affirming the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jill A. Otake, United States District Judge for the District of Hawaii, sitting by designation.

Commissioner of Social Security's denial of Social Security Disability Insurance Benefits. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's order affirming the administrative law judge's (ALJ) denial of social security benefits "and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Terry v. Saul*, 998 F.3d 1010, 1012 (9th Cir. 2021) (quoting *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020)). "Substantial evidence means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017) (citation omitted). Because the ALJ's decision contained no harmful errors and was supported by substantial evidence, we affirm the district court's determination.

1.  Pursuant to Federal Rule of Evidence 201(b), Delgadillo moves to judicially notice an operative note for her March 8, 2019 cervical fusion surgery — which occurred months after the issuance of the ALJ's decision — effectively asking to supplement the record through judicial notice. A party cannot circumvent the rules governing administrative record supplementation by asking for judicial notice. *See Johnson v. Chater*, 108 F.3d 942, 946 (8th Cir. 1997) (stating that taking judicial notice "would undermine the ALJ's role as the factfinder under the Social Security Act"); *Matthews v. Marsh*, 755 F.2d 182, 183–

2

84 (1st Cir. 1985) (concluding that it is ordinarily improper for an appellate court to take judicial notice of new evidence that is not in the record); *Kemlon Prods. & Dev. Co. v. United States*, 646 F.2d 223, 224 (5th Cir. 1981) (noting that it is inappropriate for an appellate court to take judicial notice of extra-record facts). We therefore decline to take judicial notice of the March 8, 2019 operative note.

Under the Social Security Act, any new evidence must be considered by the ALJ, as the factfinder, in the first instance. Sentence six of 42 U.S.C. § 405(g) authorizes the court to "at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The reviewing court is limited to considering the contents of the administrative record itself. *See id.* ("The court shall have power to enter, *upon the pleadings and transcript of the record*, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." (emphasis added)).

The district court denied Delgadillo's motion to supplement the administrative record with 65 pages of new medical evidence, including the March 8, 2019 operative note, and rejected Delgadillo's request for judicial notice of the

3

operative note. In her Opening Brief, Delgadillo did not appeal these denials or request supplementation of the record and remand pursuant to sentence six of § 405(g). Accordingly, she has waived any argument to supplement the record with her operative note. *See Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008).

2. The ALJ offered "specific and legitimate" reasons for giving little weight to the opinions of Delgadillo's orthopedic surgeon, Dr. Richard Kahmann, and psychological consultative examiner, Dr. James McNairn. *See Trevizo*, 871 F.3d at 675 (citations omitted). Dr. Kahmann's highly restrictive assessment of Delgadillo was not supported by his own progress notes, which indicated that Delgadillo did well after her March 2018 surgery.[1] Similarly, Dr. McNairn's opinion that Delgadillo's severity of symptoms was in the moderate to serious

---

[1] Delgadillo relies heavily on Dr. Kahmann's December 17, 2018 progress note, which was not before the ALJ but was submitted to the Appeals Council with Delgadillo's request for review. Even assuming, without deciding, that we can consider this document, it provides no grounds to set aside the ALJ's decision. Delgadillo points out that the progress note recounts findings from prior visits that predate the hearing decision, but as she acknowledges, at least four of the referenced prior visits reflected continued "improvement post-surgery." That is consistent with the limited weight accorded to Dr. Kahmann's opinions by the ALJ. Delgadillo contends, however, that the October 17, 2018 visit recounted in that progress note referenced "ongoing" pain, and she argues that this undermines the ALJ's decision. But the referenced notes reflect that the pain was only "slightly increasing" and that Dr. Kahmann would evaluate her again to see if "her symptoms persist" after the treatment he prescribed.

4

range was inconsistent with findings in his psychological examination regarding her unremarkable mental status, her ability to engage in a range of daily activities, and her lack of mental health treatment. The ALJ offered germane reasons for giving little weight to the opinion of a physician assistant, Martha Salcido. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (citations omitted). Ms. Salcido's restrictive assessment of Delgadillo's limitations was not supported by objective medical findings following Delgadillo's surgery.

3.    The ALJ did not err by only partially crediting Delgadillo's allegations regarding her severe limitations because he offered specific, clear, and convincing reasons for doing so and they are supported by substantial evidence. *See Trevizo*, 871 F.3d at 678; *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991) (en banc)). First, the objective medical evidence demonstrated that Delgadillo successfully underwent surgery to address her back and leg pain; that she had stenosis of the cervical spine but had a normal range of motion; and that she had no cognitive deficits or abnormal behavior. Second, Delgadillo received conservative treatment for her neck pain, medications and injections alleviated her symptoms, and she did not seek treatment for depression. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (citation omitted); *Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Finally, Delgadillo's ability to

5

engage in a number of daily activities contradicted her claims regarding the severity of her impairments. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citations omitted).

Although the ALJ should have offered germane reasons for discounting a Disability Report prepared by a Social Security Administration caseworker, who observed that Delgadillo cried about her pain during an interview, *see Turner*, 613 F.3d at 1224 (citations omitted), his failure was inconsequential to the nondisability determination and was therefore harmless error. *See Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012) (citations omitted), *superseded by regulation on other grounds*.

4.      Delgadillo argues that the ALJ improperly relied on State agency medical consultant Dr. B. Harris's assessment to formulate the residual functional capacity (RFC) because Dr. Harris did not review critical records, including those pertaining to her surgery. Based on Dr. Kahmann's progress notes, however, Delgadillo underwent successful surgery and her condition improved in the months following the surgery. And to the extent Delgadillo has other impairments, they were conservatively treated and she maintained normal function. Thus, any records that were unavailable to Dr. Harris would not support a more restrictive RFC. Indeed, the ALJ determined that Dr. Kahmann's April 2, 2018 progress

note[2] arguably supports an assessment less restrictive than that offered by Dr. Harris, but he gave Delgadillo's testimony some benefit of the doubt and adopted Dr. Harris' assessment. Because the medical evidence does not support the severe limitations alleged by Delgadillo and in fact reflects improvement following her surgery, the ALJ did not err in relying on Dr. Harris' assessment, even though he did not review post-operative records. *See Thomas*, 278 F.3d at 957 ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." (citations omitted)).

Delgadillo also contends that the ALJ failed to consider the impact of additional functional impairments (neck impairment, rheumatoid arthritis and chronic pain syndrome, and mental impairment) in determining her RFC. Her brief, however, fails to "detail what other physical limitations" should have been included in the RFC based on these considerations, which overlap with points the ALJ expressly considered. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 n.2 (9th Cir. 2009).

**AFFIRMED**.

---

[2] The same reasoning applies to Dr. Kahmann's December 17, 2018 progress note because Delgadillo continued to show signs of post-operative improvement.